## Garrison *versus* Monaghan.

A voluntary conveyance, in fraud of creditors, is void as to them, without regard to the value of the property.

In such case, it is error to submit to the jury, the question, whether the property conveyed was of any value to the creditors of the grantor.

Fassit *v.* Phillips, 4 *Wh.* 399, overruled.

CERTIFICATE from the Court of *Nisi Prius*.

This was an ejectment by John Garrison against Mary Monaghan, for a dwelling-house and lot of ground, at the north-east corner of Columbia and Adams streets, in the city of Philadelphia, containing in front 50 feet, and in depth 60 feet.

On the 30th May 1851, Oliver Parry and Nathaniel Randolph conveyed the premises in controversy to John Zimmerman, in fee, reserving a yearly ground-rent of $75. And on the 1st October

[Garrison v. Monaghan.]

1851, Zimmerman, in consideration of $1, conveyed the same to Henry Monaghan, the husband of the present defendant, and under whom both parties claimed, subject to the ground-rent of $75 per annum.

On the 3d October 1851, Parry & Randolph, for the nominal consideration of $416⅔, but which, it appeared from the evidence, was never in fact paid, reduced the amount of the ground-rent from $75 to $50; and covenanted with Monaghan to extinguish the same on payment of $833⅓, instead of $1250, as provided in the original ground-rent deed.

On the 17th April 1852, Henry Monaghan and wife, for the nominal consideration of $430, but which was not in fact paid, conveyed the premises to William A. Husband; who, on the 6th May following, for the nominal consideration of $475, but which was never paid, conveyed the same to Mary Monaghan, the present defendant, subject to the ground-rent of $50. At the time of these conveyances, Henry Monaghan was insolvent. The dwelling-house was subsequently erected on the lot in question.

On the 1st May 1852, M. Friedman & Co. recovered a judgment against Henry Monaghan, for $142.19; and an execution issued on this judgment was levied on the lot in question, which was sold by the sheriff to John Grimstone, to whom a deed was made on the 11th February 1854. The plaintiff showed title under Grimstone, the sheriff's vendee.

On the trial, the learned judge charged the jury:—

"That if the evidence was believed, the deeds, Monaghan to Husband, and Husband to Mrs. Monaghan, were voluntary conveyances, and as such void as to Monaghan's creditors, provided the deeds were calculated to hinder or delay the creditors. That depends on the question of value. If the lot was encumbered in Monaghan's hands to its full value, and could have been made to yield nothing to his creditors, they were not prejudiced by the conveyance, and the deed, though voluntary, would not be void. But if Monaghan had an atom of beneficial interest in the lot, his creditors had a right to it. On this single point of fact all the evidence is for the jury, the recitals in the deeds under which Mrs. Monaghan holds included. It is argued, that these recitals estop her from denying her husband's interest, or the beneficial nature of it. I do not think so. If the deed could operate by way of estoppel, it would import a consideration, as well as that Monaghan had reduced the ground-rent by a payment, and thus the voluntary character of the instrument would be taken away, and it would stand a sale for a full price. But the doctrine of estoppel has no application to the case. Estoppels by deed must be mutual, and affect both parties and their privies. The plaintiff is not in privity with either of the parties to the deed, but claims adversely to both. The recitals are evidence that the ground-rent was reduced by Mona-

[Garrison *v.* Monaghan.]

ghan's payment, but they conclude nothing. From the evidence of Husband, it would seem quite impossible that he could have paid any thing. If he did, he had an interest to that extent, but whether he paid any thing the jury will determine."

To this instruction the plaintiff excepted; and a verdict and judgment having been rendered for the defendant, the plaintiff removed the cause to this court, and here assigned the same for error.

*E. S. Miller* and *Lowber*, for the plaintiff in error, cited Shontz *v.* Brown, 3 *Casey* 123; Thomas *v.* Jenks, 5 *Rawle* 221; Fassit *v.* Phillips, 4 *Wh.* 399; Hennessy *v.* Western Bank, 6 *W. & S.* 302; In re Wilson, 4 *Barr* 450; Dean *v.* Connelly, 6 *Barr* 239; Geiger *v.* Welsh, 1 *Rawle* 352; Ashmead *v.* Hean, 1 *Harris* 587; Zerbe *v.* Miller, 4 *Id.* 497; Drum *v.* Painter, 3 *Casey* 148.

*Cuyler*, for the defendant in error.

The opinion of the court was delivered by

READ, J.—On the 1st October 1851, John Zimmerman and wife conveyed a lot of ground, in the district of Kensington, to Henry Monaghan, for the nominal consideration of $1, subject to a ground-rent of $75 per annum. On the 3d of the same month, by deed-poll endorsed on the deed, reserving the ground-rent, and reciting the payment by said Henry Monaghan, to the owner of the ground-rent, of the sum of $416⅔, the ground-rent was reduced from $75 to $50 per annum.

On the 17th April 1852, Henry Monaghan and his wife Mary, without any real consideration, conveyed these premises to William A. Husbands, who, on the 6th May in the same year, reconveyed them without consideration to the wife, Mary Monaghan. The title, as regarded creditors, of course remained in the grantor, Henry Monaghan, against whom, on the 1st May 1852, a judgment was recovered, in the District Court for the city and county of Philadelphia, for $142.19. Under proceedings upon this judgment, these premises were sold as the property of Henry Monaghan, and by various mesne conveyances the title became vested in John Garrison, the present plaintiff.

The deeds by which these premises passed to the defendant were clearly fraudulent and void, and the sheriff's sale, therefore, vested the real title to them in the purchaser and his assigns.

It is, therefore, his land, and as he takes it freed from all judgments and liens, except the reduced ground-rent of $50, no one claiming under the defendant in the execution, can pretend to hold it against him upon the ground that it has or had no value. If I have a title to real or personal property, no person can with-

[Garrison *v.* Monaghan.]

hold it from me upon the simple allegation that it is of no value, and then ask to have that question submitted to a jury.

The case of Fassit *v.* Phillips, 4 *Whart.* 399, which proceeded on this erroneous principle, has been repeatedly overruled, after giving rise to numberless lawsuits. It would be a most dangerous innovation upon the well settled principle, that the owner of real or personal estate, and entitled to its possession, shall enjoy it himself; although some third person may choose to assert it is worth nothing, and that he cannot, therefore, be called upon to restore it to its true owner.

We think, therefore, the learned judge erred in submitting the question of value to the jury, and

　　　　　The judgment must be reversed, and a *venire de novo* awarded.