## Davis *versus* Michener.

1. Any interest, or supposed interest, of a defendant in lands, may be sold by a judgment creditor, and its validity tested by ejectment. If the law were otherwise, its effect would be to abridge the right of trial by jury.

2. The court cannot determine a disputed title in advance, on the hearing of a motion to set aside the execution which issues as a preliminary step to the contest.

3. A. made a deed of assignment for the benefit of his creditors to B. On B.'s petition and due proof of notice to lien creditors, the court made an order, under the Act of February 17, 1876 (P. L., 4), directing a public sale of A.'s real estate for the payment of his debts. C. recovered judgment against A. the day before the date of the assignment, and notice of the above petition was accepted for C. by an attorney-at-law, who claimed to act for him. The real estate was exposed to sale under the said order of court, and B.'s return set forth that the property was duly sold at public sale for $2,400. The sale was confirmed by the court, and a deed delivered to the purchaser. C. afterwards claimed that acceptance of the notice for him was without authority, and that he knew nothing of the above proceedings until the fund derived from the sale was in process of distribution; and further, that although the property was put up at public sale, it was withdrawn, and instead of being re-advertised and again put up at public sale, it was sold at private sale to the above purchaser. C. therefore claimed that the lien of his judgment was not discharged, and issued a fi. fa. thereon against said real estate in the purchaser's hands. This fi. fa. was set aside by the court, on petition of the latter, and a petition by C. for an alias fi. fa. was refused.

   *Held*, that this was error; that if C.'s allegations were true, and known to the purchaser, the latter had no equity to invoke the interference of the court to prevent C. from selling B.'s alleged interest in the land, and testing the title by an action of ejectment.

4. Hunter's Appeal, 4 Wr., 194, distinguished.

April 21, 1884.   Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   MERCUR, C. J., did not sit.

ERROR to the Court of Common Pleas of *Montgomery county*: Of January Term, 1884, No. 367.

This writ of error was taken by W. H. H. Davis, plaintiff

in a judgment recovered against Charles Michener on a single bill, assigning for error certain orders of the court setting aside a fi. fa., issued by plaintiff in pursuance of his judgment, and refusing a petition for an alias fi. fa. The facts of the case and the questions presented by the assignments of error are fully stated in the opinion of this court.

*G. R. Fox,* for plaintiff in error, cited Neel *v.* Lewistown Bank, 1 Jones, 17; Stewart *v.* Coder, 1 Jones, 90; Jarrett *v.* Tomlinson, 3 W. & S., 114; Hunter's Appeal, 4 Wr., 196.

*N. H. Larzelere* and *Charles T. Miller,* for defendant in error, cited Loomis *v.* Lane, 5 Casey, 246; and Hunter's Appeal, *supra.*

Mr. Justice CLARK delivered the opinion of the court, May 26, 1884.

Charles Michener, residing in Montgomery county, by his deed dated December 20, 1881, made a general assignment to George Hand for the benefit of creditors. The assignee, on the 8th February, 1882, presented his petition to the Court of Common Pleas of that county for an order to sell the assigned real estate for the payment of debts, under the Act of 17th February, 1876; on due proof of notice to the lien creditors of the intended application, the court, on the 6th March, 1882, directed a public sale of the said real estate, to be made on the premises, on the 18th May, 1882, discharged of all liens, except the lien of a first mortgage thereon, and upon certain terms in the order specified. The plaintiff in error, W. H. H. Davis, was one of the judgment creditors, the lien of his judgment having attached on the day preceding the date of the assignment; notice was accepted on his behalf by Mr. Larzelere, who assumed to act as his attorney. On the 18th May, 1882, the real estate was exposed to sale under the said order by the assignee, and his return sets forth that at a public sale on that day, after due public notice, he sold the property to George H. Burns for $2,400, less the amount of the said mortgage; the sale was subsequently confirmed by the court, and a deed delivered to the purchaser.

The plaintiff in error alleges that the acceptance of notice of the application by Mr. Larzelere was without authority from him, and that he, in fact, had no knowledge of the order, or of the subsequent sale, or of the confirmation thereof, or of the trustee's account of the proceeds, until the fund arising from the sale was in process of distribution. He further alleges that the assignee's return of sale is false, that no such sale was in fact made, as would discharge the lien of his

[Davis v. Michener.]

judgment against the assigned estate, under the Act of 17th
February, 1876; that, on the contrary, the property having
been exposed to sale, on the premises, on the 18th May, 1882,
was withdrawn; that the sale was not adjourned, was not
again advertised, or offered at public sale, and no sale was
effected; that the sale to George H. Burns was a private sale,
made at the assignee's office, at Holboro', on the 27th May,
1882, and that the lien of his judgment was not discharged
thereby. These several allegations, made by the plaintiff in
error, are, in substance, admitted by the assignee in his testi-
mony taken before the auditor.

Pending the distribution a writ of fieri facias was issued
upon the Davis judgment, the assigned realty levied upon,
and a sale thereof was threatened. At this stage of the pro-
ceedings, upon the petition of Burns, the purchaser, the court,
on the 3d September, 1883, set aside the fieri facias, character-
izing the plaintiff's attempt to sell the property levied upon
by execution as "a contempt of the records of the court." The
plaintiff then filed a petition for leave to issue an alias fi. fa.,
which petition the court dismissed upon the same ground.
These several orders of the court, setting aside the fi. fa., and
refusing the al. fi. fa., are the errors assigned.

We cannot try the title to land in this form of proceeding;
it is only when the title is undisputed or admitted, "where
the creditor is clearly and undeniably proceeding against
right and justice, to abuse the process of the law to the injury
of another, that equity intervenes to stay his hand:" Winch's
Appeal, 11 P. F. S., 424. If the property, when offered, was
withdrawn, and no other day or place designated; if the re-
turn by the assignee was false; if no such sale was, in fact,
made; if the court was induced to lend its sanction to a
transaction plainly in violation of the law; if the purchaser
knew that the return was false, and accepted a deed upon a
decree thus procured; if the plaintiff was no party to the
proceeding, and was not affected with notice thereof, the pur-
chaser does not present such a case as would move the equit-
able powers of the court in his relief. The issuing of a fi. fa.,
in accordance with the recognized practice throughout the
state, with a view to contest the title thus acquired, cannot
be considered as an undeniable proceeding against right and
justice, and as an abuse of the process of the law.

Any interest, or supposed interest, of a defendant in lands
may be sold by a judgment creditor, and its validity tested by
ejectment; if the law were otherwise, its effect would be to
abridge the right of trial by jury. The court cannot deter-
mine a disputed title, in advance, on the hearing of a motion
to set aside the execution which issues as a preliminary step

to the contest. In Hunter's Appeal, 4 Wright, 194, an injunction was sustained restraining the sale of the wife's property for the husband's debts, but the pleadings admitted the exclusive ownership of the wife, and the decision was put upon the ground that the wife's property is expressly protected by statute from sale for the debts of the husband. When, however, in any case, the title to real estate is seriously disputed, the controversy can only arise and be determined in ejectment: Taylor's Appeal, 12 Norris, 21; Lyon's Appeal, 11 P. F. S., 15; Reeser *v.* Johnston, 26 P. F. S., 313.

If, when the facts are fully shown, the defendant in the fi. fa. shall appear to have no title bound by the lien of the plaintiff's judgment, nothing will pass by the sale; but we cannot determine the facts from the ex parte affidavits, we express no opinion upon the facts thus presented. In an ejectment neither party can be limited to what is therein stated, the whole field of inquiry will be open, and the proper tribunal in place for their adjudication. If the result be to subject the purchaser from the assignee to the peril and expense of an ejectment, or to cloud his title, he can certainly blame none more than himself, as it was impossible that he should have been ignorant of the irregularities through which he derived his title.

> The order of September 3, 1883, setting aside the writ of fi. fa., and also the order of February 7, 1884, refusing an alias fi. fa. are reversed, and it is ordered that an alias fi. fa. may issue.