The Natalie Anthracite Coal Company, Appellant, *v.* James Ryon and George K. Fagely, Sheriff of Northumberland County.

*Equity—Fraud—Sheriff's sale—Mortgage.*

Ejectment is generally the exclusive remedy in case of disputed title. A bill in equity will not lie ordinarily to restrain an execution creditor from proceeding in due course to sell, in satisfaction of his claim, real estate alleged to belong to his debtor; but, where the process of the law is being used against right and justice to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted.

On a bill in equity for an injunction to restrain the selling of land under an execution, it appeared that the principal defendant had been a part owner in a mortgage on the land in question. He had entered into a written agreement with the other owners of the mortgage by which the latter were to press foreclosure proceedings as speedily as possible, and pay to defendant certain sums out of the proceeds. The agreement was carried out, the land was sold at sheriff's sale, and the sheriff's vendee conveyed it to the plaintiff in the equity suit. The sheriff was joined as a party defendant in the bill in equity. The defendant filed an answer to the bill containing vague insinuations of fraud. These averments were not sustained by the evidence. *Held*, (1) That the burden was on the defendant to establish fraud as an affirmative fact ; (2) from the fact that the defendant participated in the foreclosure proceedings, and from the other circumstances in the case, the presumption is that the sheriff's sale was fair and honest ; (3) that it was improper to join the sheriff as a party, but that the Supreme Court would consider the record as amended, nunc pro tunc, by striking his name therefrom ; (4) that it was error to refuse to continue a preliminary injunction.

Argued May 23, 1898. Appeal, No. 355, Jan. T., 1897, by plaintiff, from decree of C. P. Northumberland Co., No. 210, in equity, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill in equity for an injunction.

The court dissolved a preliminary injunction which had been previously granted.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dissolving preliminary injunction.

*Lyman D. Gilbert*, with him *S. P. Wolverton, John H. Weiss* and *C. M. Clement*, for appellant.—The court had jurisdiction: Winch's App., 61 Pa. 424; Taylor's App., 93 Pa. 21; Davis v. Michener, 106 Pa. 395; Artman v. Giles, 155 Pa. 409.

The following authorities are conclusive of the sufficiency of the Ryon judgment against the Penn Anthracite Coal Company to divest the holder of its title, and are also conclusive that the subsequent proceedings to obtain a judgment against Taylor did not in any wise better the title made under the mortgage, but simply preclude Taylor from bringing the action of ejectment; yet Ryon's present judgment is against the terre-tenant, and not against Taylor: Colborn v. Trimpey, 36 Pa. 463; Blythe v. McClintic, 7 S. & R. 344; Himes v. Jacobs, 1 P. & W. 152; Hulett v. Mut. Life Ins. Co., 114 Pa. 146; Hunsicker v. Richardson, 13 Pa. C. C. R. 524; Broomell v. Anderson, 8 Atl. Rep. 76.

It is a well-established principle of law that any one sharing in the proceeds of the sale of property is estopped from denying the title under it: Cowles v. Bacon, 56 Am. Dec. 371; Omwake v. Harbaugh, 148 Pa. 278; Work v. Darby, 13 Pa. C. C. R. 269.

*W. W. Ryon*, for appellee.—The bill against the appellee and the sheriff is a fatal misjoinder of parties: Artman v. Giles, 155 Pa. 409.

It is only where the creditor is clearly and undeniably proceeding against right and justice to abuse the process of the law to the injury of another that equity intervenes to stay his hand: Taylor's App., 93 Pa. 21.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898:

This proceeding may be regarded as exceptional. Ordinarily a bill in equity will not lie to restrain an execution creditor from proceeding in due course to sell, in satisfaction of his claim, real estate alleged to belong to his debtor. Ejectment is generally the exclusive remedy in cases of disputed title. But where the process of the law is being used, against right and justice, to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted: Winch's Appeal, 61 Pa. 424; Taylor's Appeal, 93 Pa. 21; Davis v. Michener, 106 Pa. 395.

The objection that the sheriff was improperly joined as a defendant is well taken. But the record may be considered as amended, nunc pro tunc, by striking his name therefrom. The case will then stand against the only party whose acts are claimed to have given the court jurisdiction.

A brief reference to the salient facts will suffice to show that the preliminary injunction should not have been dissolved. On November 30, 1889, Nathaniel Taylor purchased from E. A. Packer a tract of 2,700 acres of land in Northumberland county, on which was situated a coal mining plant. Taylor gave a purchase money mortgage to Packer, individually and as trustee for the defendant, James Ryon, and others, and afterwards organized the Penn Anthracite Coal Company for the purpose of developing these lands. Default having been made in payment of the mortgage debt, the defendant Ryon, in his capacity of attorney at law, as well as in his own right, issued a scire facias on the mortgage and obtained judgment thereon against the Penn Anthracite Coal Company as terre-tenant of the mortgaged premises. On December 21, 1894, an agreement was entered into between trustees of certain beneficial owners of said mortgage, and James Ryon, the defendant in this case, in which the following statements of fact, stipulations, etc., inter alia, appear: "Said parties state that they have no interest in or claim to the sum of eight thousand one hundred and forty-three dollars and seventy-one cents ($8,143.71) paid into court on account of said mortgage except that said sum is a payment on account of said mortgage debt, and they make no objection to the application of Ryon to take said money out of court owing to and as part of his interest in said mortgage.

"Said parties further agree that, after the sale on execution of the mortgaged property—which sale they will press as speedily as possible—they will pay to the said Ryon the further sum of one thousand six hundred and seventy-eight dollars ($1,678) which he claims is due him under said mortgage, in addition to the aforesaid sum. On completion of said sale of the mortgaged property they will further pay to said Ryon the sum of five hundred dollars ($500) for himself, and the further sum of two hundred and fifty dollars ($250) for George W. Ryon, in full for all professional services in any way rendered for or

about or in any way connected with or attached to said mortgage or indebtedness by it secured."

These payments were contingent upon the completion of the foreclosure sale which the parties, by said agreement with defendant, were bound to "press as speedily as possible." A sale on the levari facias was accordingly effected, and the sheriff's deed to the purchaser, Thomas C. Lazear, Esq., was duly acknowledged February 15, 1895; and on April 1, following, the same property was duly conveyed by the sheriff's vendee to the plaintiff company. In thus purchasing and afterwards conveying the property, Mr. Lazear acted, not in his own right, but as trustee for the Tradesman's National Bank, the Third National Bank, the German National Bank, the Pittsburg Bank for Savings, and D. H. Hostetter, all of Pittsburg, Pa. It is conceded that the several sums of money which were to be paid to the defendant after completion of the foreclosure sale were received by him. After all these proceedings were had and conveyances made, the defendant brought suit to September term, 1896, and obtained judgment against the Penn Anthracite Coal Company for $2,068; and in March, 1897, he issued execution on said judgment and caused the same to be levied on the land which, in pursuance of the agreement to which he was a party, had been sold and conveyed to Thomas C. Lazear, Esq., trustee for the banks, etc., above named. The bill under consideration was then filed by the plaintiff company averring its ownership of the lands thus levied on by the defendant and its acquisition of title thereto on April 1, 1895, by deed from Thomas C. Lazear and wife, etc., and praying for an injunction, special until hearing and perpetual thereafter, restraining the defendant from selling or attempting to sell its said property on any execution issued on his judgment against the Penn Anthracite Coal Company, etc. On filing the bill and injunction affidavits, the preliminary injunction was rightly awarded and approved security was given. Defendant's answer having been filed and testimony taken, the injunction was dissolved, and thereupon this appeal was taken.

In his answer, defendant admits that the legal title to the property described in the bill is in the plaintiff company, and that it acquired the same by deed of conveyance from Thomas C. Lazear, Esq., as averred in the bill; but, by way of defense, he says: "I further believe said title is held by said Natalie

Anthracite Coal Company by virtue of a systematic and deliberate fraud to cheat and defraud the creditors of the Penn Anthracite Coal Company," etc. .

Without referring in detail to other portions of the answer wherein fraud is insinuated or vaguely alleged, it clearly appears that the only defense that is interposed to the plaintiff's clear prima facie case presented in the bill is fraud on the creditors of the Penn Anthracite Coal Company. If fraud, such as rendered the sale of that company's property void, or even voidable, had been shown, there would have been some justification for the decree dissolving the preliminary injunction, but we find nothing in the pleadings or proofs to warrant any such conclusion. Our consideration of these has failed to disclose anything to justify what was said by the learned trial judge in that part of his opinion covered by the first specification. His failure to discover any act or acts of the defendant "inconsistent with his claim, in the answer, that the sheriff's sale to Mr. Lazear was fraudulent," does not prove or even tend to prove that the sale was otherwise than fair and honest. On the contrary, the defendant's active participation in effecting the sale for the benefit of himself and others interested in the proceeds thereof tends rather to prove that it was fairly and honestly conducted. It is not enough to allege fraud. Like every other affirmative fact fraud must be proved, and not presumed, and the burden is on him who makes the charge. In the absence of any proof to the contrary the presumption is that the sale to Mr. Lazear was fair and honest; and this presumption is strengthened by the fact of defendant's co-operation with others interested in the mortgage, in effecting a speedy sale. While he did not personally conduct the proceedings to the final issue of a sheriff's sale, he entered into the agreement, which as we have seen provided for a speedy sale and payment to him of a valuable consideration as the result thereof. After thus participating in and profiting by the sale, good faith requires him to acquiesce in the title acquired by the purchaser.

Both specifications are sustained. The decree dissolving the preliminary injunction is reversed and set aside at defendant's costs, injunction reinstated and the record is remitted for further proceedings.