## Weber, Appellant, v. Aschbacker.

*Fraudulent conveyance—Execution—Evidence—Question for jury.*

The defendant in a pending suit purchased real estate and took title in his wife's name. Two months after a verdict against him, he and his wife conveyed the land to a third person. An action of ejectment was brought by the plaintiff against the grantee to recover the property after purchasing it at sheriff's sale as the property of the defendant. The evidence tended to show that the property had been taken in the name of the wife in order that the defendant in the execution might not lose it, "if anything happened to him," and that the conveyance to the defendant in the ejectment was without consideration, and under an agreement that the property should be given back. *Held* that the case was for the jury.

Argued Jan. 27, 1903. Appeal, No. 75, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 1314, on verdict for defendant in case of Harriet

Weber, Adm. c. t. a. of Eliza Dawes Bewley, Deceased, v. Anna Maria Aschbacker. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Ejectment for a dwelling house and lot of land in the city of Philadelphia. Before BEITLER, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in the following form:

1. The court below erred in ruling out plaintiff's evidence showing the chain of circumstances constituting the fraud upon plaintiff's rights as creditor of Aman, and showing that both Aschbacker and wife had knowledge that the conveyance to defendant was a fraudulent conveyance designed to hinder and delay plaintiff in the collection of her judgment against Aman.

2. The court erred in refusing to allow cross-examination of defendant's witness upon material points testified to in his examination in chief.

3. The court erred in affirming defendant's point and giving binding instructions to the jury. The point of defendant affirmed was: "Under all the evidence in this case, your verdict must be for the defendant. *Decision.* I affirm defendant's point and direct the jury to find for the defendant."

4. The court erred in not submitting the facts of the case to the jury.

*Carrie B. Kilgore*, for appellant, cited on the question of fraud: McGuire v. Faber, 25 Pa. 436 ; McMichael v. McDermott, 17 Pa. 353; Kaine v. Weigley, 22 Pa. 179; Carbon Run Imp. Co. v. Rockafeller, 25 Pa. 49; Rogers v. Hall, 4 Watts, 359.

*Charles Knittel*, for appellee.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

In 1889 Elizabeth Dawes Bewley, now deceased, who was the plaintiff below, was a creditor of Anton Aman. She

brought suit against him in court of common pleas No. 1 of Philadelphia county to December term, 1889, No. 203, and in April, 1891, recovered a verdict against him. She revived the judgment entered on the verdict, and, in the spring of 1899, there was due on it the sum of $2,150.10, when she issued execution and had the sheriff sell the premises in controversy as the property of Aman, alleging that the title of Anna Maria Aschbacker, formerly Mary Iffrig, and so named in the testimony, was that of a fraudulent grantee, who had taken the title from Aman and his wife for the purpose of aiding him in his effort to delay, hinder and defraud her, his judgment creditor.

Four assignments of error were filed when this case was argued. The first and second, in general terms, allege error, and, being in violation of our rule, cannot be considered. After argument additional assignments were filed ; but we will not pass upon them. Some of them may possess merit, but there was no reason for not filing them in time and inserting them in the original paper-book. We will consider only the third and fourth assignments originally filed, which are substantially one, and complain of the court's affirmance of defendant's point, that, under the evidence, the verdict must be in her favor.

The plaintiff offered testimony to show that Anton Aman had been the purchaser of the lot, but that the title was put in the name of his wife, that he might not lose it " if anything happened " to him. The deed to the wife is dated October 17, 1890. At that time the suit of Mrs. Bewley to recover her claim against Aman was pending in the common pleas, upon which, six months later, she recovered her verdict. There was, therefore, sufficient to justify the contention of the plaintiff below, that the property really belonged to Anton Aman, and that the conveyance to his wife was for the purpose of delaying, hindering and defrauding her. Within two months from the time the verdict was obtained against him for his indebtedness to Mrs. Bewley, Aman and his wife conveyed the lot to Mary Iffrig. The testimony of Mrs. Aman is, that they did not receive a penny from Mary Iffrig for the conveyance of the property, and that she agreed she would give it back again,— " sign it back to our name." The learned trial judge, during the progress of the trial, said to counsel for plaintiff that it would be proper to prove that the property was conveyed by

Aman to Iffrig with the understanding on the latter's part "that she should hold it to cover the property from Aman's debt." Whether she did so hold it or not—whether she took title to it for such a purpose and so held it—was the one question for the jury's consideration. But it rarely, if ever, happens that the victim of a fraud, such as is charged here, can prove by a direct admission of the fraudulent grantee what the purpose of the conveyance was ; for, as in all cases of a conspiracy to do a wrong, the parties to it try to conceal their iniquity, and only by considering all the circumstances in connection with a conveyance alleged to be fraudulent can it be determined what the real intention of the parties to it was.

As unsatisfactory as the presentation of this case has been to us, we are of one mind, that, under the facts developed on the trial, the learned judge below should have submitted to the jury the question of Mary Iffrig's good faith. There was sufficient to justify a finding that she was not an honest purchaser, but a party to a scheme to delay, hinder and defraud the plaintiff. Judgment reversed and a venire facias de novo awarded.