## Owecka *v.* Nowak.

*Attachment execution—Fraudulent combination to defeat creditors— Case for jury.*

In an action against a garnishee in an attachment execution, the case is for the jury where the evidence is ample to justify a finding of a fraudulent combination to defeat creditors, and that the assignment of the property attached was not made in payment of a debt, if one existed, but as a cover to conceal the debtor's property from other creditors.

Argued Oct. 20, 1909. Appeal, No. 103, Oct. T., 1909, by Leon Sadowski and Damian Wahl, Garnishees, from judgment of C. P. No. 1, Allegheny Co., June T., 1905, No. 366, on verdict for plaintiff in case of Stephania R. Owecka v. John Nowak and Leon Sadowski and Damian Wahl, Garnishees. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Attachment execution. Before BROWN, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,647.83. Garnishees appealed.

*Error assigned* was in submitting the case to the jury.

*William A. Jordan,* with him *George P. Murray,* for appellant.

*Robert Woods Sutton,* with him *Watson & Freeman,* for appellees.

PER CURIAM, January 3, 1910:

This appeal is from a judgment against garnishees in an attachment execution. The question of fact at the trial was whether property of the defendant in the judgment had been assigned by him to one of the garnishees in good faith in pay-

ment of an existing debt, or whether the assignment was a mere pretense to hinder and defraud creditors by concealing the defendant's property. This question was submitted to the jury with instructions that a debtor might lawfully prefer a creditor, and that the mere fact of preference was not ground for the inference of a fraudulent intention. The assignments of error relate to the refusal of the court to withdraw the case from the jury by a direction to find for the garnishees. This could not have been done. There was ample evidence to justify the finding of a fraudulent combination to defeat creditors and that the assignment was not made in payment of a debt, if one existed, but as a cover to conceal the debtor's property from other creditors.

The judgment is affirmed.