# American Trust Co. *v.* Kaufman et al., Appellant.

*Foreign attachment—Conveyance by husband to wife—Fraud— Attachable interest of husband in real estate—Act of May 21, 1921, P. L. 1045.*

1. Where a wife's title is acquired by deed from her husband, for a nominal consideration, the conveyance is voluntary and presumptively fraudulent against creditors.

2. Where there is a conveyance of property by husband to wife for a nominal consideration, and a claim that the consideration set forth in the deed is not the true one, but that the real purchase price was the payment to her of a bona fide debt due by her husband, alleged to have been created, as to a large part of it, long prior to the execution of the deed, and without the usual muniments to evidence it, there is such an interest in the land conveyed remaining in the husband as to be within the grasp of a foreign attachment.

3. As the husband's interest could have been levied upon by a domestic judgment creditor, there is no reason why it should not be attached by a foreign judgment creditor.

4. The Act of May 21, 1921, P. L. 1045, although passed subsequent to such conveyance, has a persuasive bearing on the question whether the husband's interest could be attached, inasmuch as it provides, in section 9, that where a conveyance is fraudulent as to a creditor the latter may "disregard the conveyance and attach or levy execution upon the property conveyed."

5. In such case the wife has adequate remedies both in law and in equity to protect herself, if in fact the conveyance was without fraud.

*Foreign attachment—Defective return—Act of June 13, 1836, P. L. 581, section 49—Laches—General appearance.*

6. A motion to quash a writ of foreign attachment on the ground that the sheriff's return, although showing a service on tenants of real estate, did not show that they were holding under defendant, as required by section 49 of the Act of June 13, 1836, P. L. 581, is too late where it was not made until after the trial on an issue raised by a plea to the jurisdiction, and a verdict in plaintiff's favor.

7. Where defendant in a foreign attachment admits, in an affidavit filed in support of a plea to the jurisdiction, that the garnishees had been served in the manner prescribed by law, he cannot thereafter attack the sheriff's return as being faulty in that respect.

8. Where the garnishees in a foreign attachment enter a general appearance and move for a dissolution of the attachment, they bring both themselves and the res into court by their appearance, and neither they nor defendant can subsequently move to quash the attachment because of an alleged wrongful return of the attachment on the garnishees.

Argued October 11, 1922.  Appeals, Nos. 128 and 129, by defendant, Gustave Kaufman, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 835, on verdict for plaintiff, in case of American Trust Co. v. Gustave Kaufman and W. J. Garcey, individually and as copartners doing business as Kaufman & Garcey and tenants as garnishees. Before Frazer, Walling, Kephart, Sadler and Schaffer, JJ. Affirmed.

Issue on plea to jurisdiction.

Rule to quash writ of foreign attachment.  Before Ford, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff and judgment thereon.

Rule to quash discharged. Defendant, Kaufman, appealed.

*Errors assignued,* among others, were refusal of judgment for defendant n. o. v., quoting record, and order discharging rule to quash, quoting it.

*J. A. Langfitt, Sr.,* and *William Kaufman,* for appellant.—The sheriff's return was fatally defective: Bryan v. Trout, 90 Pa. 492; Hayes v. Gillespie, 35 Pa. 155.

There is no evidence on the record sufficient to impute fraud to appellant: Reehling v. Byers, 94 Pa. 316; Peiffer v. Lytle, 58 Pa. 386; Bell v. Throop, 140 Pa. 641; Benson & West v. Maxwell, 105 Pa. 274; Longbottom v. Emery, 261 Pa. 163.

*Owen S. Cecil,* with him *William J. Barton,* for appellee.—The motion to quash came too late: Poor v. Colburn, 57 Pa. 415; Daley v. Iselin, 212 Pa. 279; Lerner v. Felderman, 64 Pa. Superior Ct. 287; First Nat. Bank v. Trainer, 209 Pa. 387.

Defendant is precluded by the judgment on his plea to the jurisdiction, is in court and the matter of service is immaterial: Bergman v. Straus, 263 Pa. 439; Jeannette Boro. v. Roehme, 197 Pa. 230, 237; McCullough v. Ry. Assn., 225 Pa. 118; Miller v. Cockins, 239 Pa. 558.

The conveyance was presumptively fraudulent and defendant presumed to have an interest in the property attached: Chisolm v. Moore, 49 Pa. Superior Ct. 132; Jennings v. Smith, 22 Pa. C. C. R. 554; Dalley's Est., 200 Pa. 140; Owecka v. Nowak, 226 Pa. 339; Benson v. Maxwell, 105 Pa. 274; Lorenz v. Orlady, 87 Pa. 226.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

This proceeding is one of foreign attachment on a judgment recovered in the State of New York. Defend-

ant has taken two appeals, one from a judgment entered against him on a verdict, the other from the refusal of a motion to quash the writ because of its defective return, this motion having been made after the verdict. Both appeals will be disposed of in this opinion.

The firm of Kaufman & Garcey was indebted to plaintiff trust company on promissory notes. It recovered judgment against the copartnership and its members individually in New York and issued a foreign attachment in the Common Pleas of Allegheny County, under which the interest of Kaufman, the appellant, in certain real estate, was attached. He entered an appearance de bene esse for the purpose of challenging the jurisdiction of the court to maintain the writ, on the ground that he possessed no property within its reach, the real estate returned by the sheriff as attached having been conveyed by him to his wife some months prior to the issuing of the attachment in payment of an indebtedness, so he alleged, due by him to her. The property attached consisted of an undivided interest in real estate in the possession of tenants who were also served with the process and summoned as garnishees. The position of plaintiff is that this conveyance made by defendant to his wife through a third person for a nominal consideration was fraudulent and that, as to it, appellant has an interest in the property which is attachable. Appellant set up that he had incurred the indebtedness of his wife prior to the time the deed was made, and that it exceeded the value of the property. and therefore he had no interest in it.

After plaintiff had filed its declaration and affidavit of cause of action, the garnishees moved to dissolve the attachment on the ground that the appellant did not own the property; this motion was discharged, and, thereafter, appellant entered his special appearance and filed a plea to the jurisdiction, based on the allegation that he did not own and had no interest in the property attached; on this plea, the case went to trial and at the

close of the testimony the court gave binding instructions for plaintiff, holding appellant had such an interest in the property as subjected it to attachment.

As part of his proofs, defendant put in evidence the deed from himself and wife to a straw man and from the latter to her for the property in question; these deeds were executed shortly before plaintiff commenced suit; in addition, evidence was submitted on the question whether the indebtedness claimed to be due to the wife was bona fide. She testified in her husband's behalf that she had loaned money and securities to him to an amount exceeding $30,000—greater than the value of the property conveyed to her; in plaintiff's favor it was shown that in written statements signed by appellant shortly before the execution of the deeds and intended to disclose his true financial condition, no mention was made of any indebtedness to his wife. It also appeared that in bankruptcy proceedings carried on against him subsequent to the time when it was alleged he had borrowed a considerable part of the money from his wife, he did not list her among his creditors. No notes or other evidences of indebtedness were given by the husband to the wife for the major part of the alleged debt. The wife was not a party to the proceeding we are reviewing and did not intervene in it.

As the wife's title was acquired for a nominal consideration, the conveyance was voluntary and presumptively fraudulent against creditors of the husband: Chisolm v. Moore, 49 Pa. Superior Ct. 132. "Fraudulent collusion between husband and wife is so easy of execution and so difficult of proof that it is the well-settled rule that a wife claiming as a creditor against other creditors of the husband, must prove her claim by evidence clear and satisfactory to a degree beyond that required of other creditors, and leave no doubt of its good faith and its truth in fact": Dalley's Assigned Est., 200 Pa. 140. A conveyance of property made by a debtor to defraud creditors is void as to them: Statute 13 Elizabeth, ch. 5,

section 2, Robert's Digest 295; Thomson v. Dougherty, 12 S. & R. 448; Garrison v. Monaghan, 33 Pa. 232; Heath v. Page, 63 Pa. 108; and the title for the purpose of enabling creditors to enforce their debts remains in the grantor just as if the conveyance had not been made: Heath v. Page, 63 Pa. 108; Garrison v. Monaghan, 33 Pa. 232. A judgment creditor is allowed to levy upon and sell any title or interest or supposed interest alleged to be in the grantor and to try the validity of the title afterwards in an action of ejectment: Taylor's App., 93 Pa. 21; Davis v. Michener, 106 Pa. 395; Hyde v. Baker, 212 Pa. 224, 227; Mantz v. Kistler, 221 Pa. 142.

There can be no question that had plaintiff's judgment been recovered in Pennsylvania, it could have levied on appellant's interest in the land and sold it. No satisfactory reason has been offered to us why his interest cannot be attached just as it could be levied upon. If the sale was fraudulent, the property, so far as creditors were concerned, was just as much the defendant's as it was before he made the deed to his wife and the law will look through the thin veneer of a conveyance to her to the realities of the situation: Delphia Knitting Mills Co., Inc., v. Richards, 62 Pa. Superior Ct. 9; Weber v. Aschbacker, 205 Pa. 558; Curtis & Co. v. Olds, 250 Pa. 320. It is in the interest of fair dealing and common honesty that transactions between husband and wife shall be scrutinized, where the husband is in debt and endeavors to put his property beyond his creditor's reach, and that the law shall by its processes aid in every possible way an inquiry into the good faith of the transaction. If a conveyance by a husband to a wife is in good faith for a valuable consideration passing from her to him, she has adequate remedies both in law and in equity to protect herself: Hunter's App., 40 Pa. 194; Natalie Anthracite Coal Co. v. Ryon, 188 Pa. 138; Kreamer v. Fleming, 200 Pa. 414.

Under the circumstances here appearing, not necessary at this time to be further elaborated, and which may

be given another aspect in litigation in which the wife may be a party, we think the court was justified, at the stage the litigation had reached before it, in giving binding instructions to find for plaintiff on the question of jurisdiction. Every creditor can test the bona fides of such a conveyance; hence, when it appears it was made after the debt to plaintiff arose, the latter has the right, after a sheriff's sale of the husband's interest, to contest the wife's title in ejectment and the jury in that proceeding is the only one which could or should be allowed to pass on that dispute. If the wife desires to assert her rights prior to the sheriff's sale, her remedy lies at her hand under the doctrine announced in Hunter's App., 40 Pa. 194. It was admitted defendant was a nonresident of the State; this being so, the question whether the writ would lie turned on his ownership of property within the jurisdiction of the court at the time it was issued: Mindlin v. Saxony Spinning Co., 261 Pa. 354.

All that we now hold is that,—where there is a conveyance of property by husband to wife for a nominal consideration, and a claim that the consideration set forth in the deed is not the true one, but that the real purchase price was the payment to her of a bona fide debt due by her husband, alleged to have been created as to a large part of it, long prior to the execution of the deed, and without the usual muniments of indebtedness to evidence it,—there is such an interest in the land conveyed remaining in the husband as to be within the grasp of a foreign attachment. "Inasmuch as a conveyance of property with intent to defraud one's creditors may be treated as a nullity by them, it follows that property which has been conveyed may be attached as the property of the grantor by his creditors the same as if no conveyance had been made": 4 Cyc. 562; Heath v. Page, 63 Pa. 108, 123; Owecka v. Nowak, 226 Pa. 339. While the Act of May 21, 1921, P. L. 1045, concerning fraudulent conveyances and which would seem to be a codification of the law on that subject, was passed after

appellant conveyed his property to his wife, it has a persuasive bearing on the question we are considering. It provides in section 9 that where a conveyance is fraudulent as to a creditor he may "disregard the conveyance and *attach* or levy execution upon the property conveyed."

The second appeal is from the refusal of the court below to quash the writ of attachment because of the alleged defective return of service by the sheriff. This motion was not made until after the trial on the issue raised by the plea to the jurisdiction and the verdict in plaintiff's favor. The basis for the motion is that the return is defective in not stating a material fact, that the garnishees, upon whom the writ was served, were tenants of the real estate *holding under the defendant.* The Act of June 13, 1836, P. L. 581, section 49, prescribing how writs of foreign attachment shall be levied in the case of real estate, makes it the duty of the sheriff to leave "a copy of the writ with the tenant or other person in actual possession *holding under the defendant in the attachment* and to summon him as garnishee." The sheriff's return is that he served the writ "on the tenants in possession of the within described real estate" but it did not set forth that they were "holding under the defendant." If the motion to quash the writ on this ground had been made at once, it might have prevailed, but it was not so made. Application to set aside proceedings for irregularity should be made as early as possible: Poor v. Colburn, 57 Pa. 415; First Nat. Bank v. Trainer, 209 Pa. 387. Defendant could not hold back what should have been a preliminary move by him until he chanced a verdict: Daley v. Iselin, 212 Pa. 279, 286. Furthermore, the record shows defendant had cured the defect in the sheriff's return. In his affidavit filed in support of the plea to the jurisdiction, he averred that the leases with the tenants of the property had been transferred to his wife by operation of law as the result of the conveyance to her and "that said garnishees are lessees of the several

pieces of real estate described in, and attached by the said writ; that they were served and their names inserted in the said writ as garnishees by the sheriff, because they were respectively in possession of the several pieces of real estate described in and attached by the said writ which, as defendant has been advised and represents, is the method of service of said writ as prescribed by law." Having admitted service on the garnishees in the manner prescribed by law, appellant could not attack the sheriff's return as being faulty. He is in the same position as any other defendant would be with a defective return on the record, but admitting the validity of the service.

For another reason not adverted to by counsel on either side, the writ could not be quashed. The garnishees entered a general appearance and moved for a dissolution of the attachment; the rule was discharged. By their appearance they were in court, as was the property attached through service on them. With the record in this shape, defendant could not be heard to move to quash the writ, at least on the ground that the sheriff's return was defective, because, by their appearance, the garnishees admitted they had been properly served. In Pottash v. Albany Oil Co., 274 Pa. 384, 391, we said the garnishee, "Being in court by his general appearance, he could not object to the return day of the process which brought him there, it being a matter of indifference how he got there. But this did not affect his right, and does not here, to take any proceedings which one in court could properly take." As to defendant this is a proceeding in rem; the garnishees having come into court, and brought the res in with them by their appearance, could not set up that there was a faulty return, nor can the defendant whose status in the proceeding is fixed by service on them; their bringing the property into court by appearance put it in court for all purposes so far as appellant is concerned, if he had any interest in it.

The appeal, No. 128, October Term, 1922, from the order of the court below discharging the rule to quash the writ, is dismissed, and the appeal, No. 129, October Term, 1922, from the judgment of the court below, is affirmed.