### CHILDS v. STEES et al.

(District Court, E. D. Pennsylvania. November 2, 1923.)

No. 2667.

I. Bankruptcy ⟨⟩178(1)—Conveyance held in fraud of creditors.

A conveyance of real estate by a bankrupt, within two years prior to his bankruptcy, and when insolvent, to a third person, who at once reconveyed to bankrupt and his wife, *held* fraudulent as to his creditors.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Frauds, statute of** ⟜56(5)**—Trusts** ⟜63½**—Agreement as to name in which title to be taken void.**

An oral agreement between a man and his mother that title to property purchased by the man with money furnished by the mother would be taken in the names of the man and his wife if made, was void under the statute of frauds, and, if regarded as an agreement creating a trust, was void under Act Pa. April 22, 1856, § 4 (P. L. 532; Pa. St. 1920, § 20193).

**3. Bankruptcy** ⟜142**—Title to property conveyed in fraud of creditors vests in trustee.**

A conveyance of real estate by an insolvent in fraud of his creditors is void under the law of Pennsylvania, and the title remains in him, and under Bankruptcy Act, § 70 (Comp. St. § 9654), vests in his trustee in bankruptcy.

In Equity. Suit by one Childs, trustee in bankruptcy of Louis F. Stees, against Louis F. Stees and others. On hearing on bill, answers, and proofs. Decree for complainant.

Albert S. Longbottom, of Philadelphia, Pa., for plaintiff.

Edmonds & Obermayer, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiff brings this bill as trustee in bankruptcy of Louis F. Stees, who was adjudicated a bankrupt September 29, 1922. The bankrupt, his wife, Maud D. Stees, and William D. Garrison are named as defendants. The plaintiff seeks a decree adjudging void, as in fraud of creditors, the conveyance by Stees and his wife to William D. Garrison, and from William D. Garrison to Stees and his wife, of premises described in the deed, being 4625 North Broad street, Philadelphia.

[1] From the pleadings and the evidence offered at the trial I find the following facts:

On November 14, 1912, Louis F. Stees became the owner by conveyance from Frank T. Williams et ux. of the real estate described in the bill. On March 11, 1921, Louis F. Stees and Maud D. Stees, his wife, by their deed conveyed the said premises to William D. Garrison for a nominal consideration in trust for the purpose of reconveying to Louis F. Stees and Maud D. Stees, his wife. On the same day William D. Garrison conveyed the premises to Louis F. Stees and Maud D. Stees in consideration of $1. Prior to and at the time of the two latter conveyances, Louis F. Stees, being secretary of the Funeral Benefit Association of the Patriotic Order of the Sons of America, had for some time been appropriating to his own use the funds of the association and concealing his indebtedness, by postponing the payment of mortuary benefits to the month following that in which they were due, and from the assessments for which month they were payable. At the time of the said conveyances, he was indebted through his peculations in the amount of $11,502.49. He owned no real estate, except that conveyed, and was the owner of practically no personal property. When he was adjudicated a bankrupt, his indebtedness to the Mutual Benefit Association had increased to about $15,000.

None of the money of the wife, at the time of the conveyances or at any time prior thereto, had gone into the property. While the purchase of the premises in 1912 is found to have been made with funds

derived from the sale of a property owned by Louis F. Stees' mother,. Mrs. Rebecca H. Stees, the latter supplied the purchase money for the purpose for which it was used, namely, taking title to the premises 4625 North Broad street, in the name of her son, Louis F. Stees, and not with the purpose that Maud D. Stees should derive any beneficial interest under that purchase. The intent of Louis F. Stees, as shown by his conduct, was, through the conveyances of March 11, 1921, to vest the title, which has been in him alone, in himself and his wife as tenants by entireties, so as to take away from his creditor, the Mutual Benefit Association of the Partriotic Order of the Sons of America, the power to take it in execution as his property for payment of his indebtedness to it.

, [2] The testimony clearly establishes the fact that Stees, the bankrupt, at the time of the conveyance to the straw man, Garrison, and from Garrison to Stees and his wife, creating title in them by entireties, Stees had not sufficient property to pay his creditors and that he . was hopelessly insolvent. Under the law of Pennsylvania, the conveyance was therefore voluntary and presumptively fraudulent against creditors. While there was testimony on the part of Stees and his wife that, when the property was originally purchased, there was an agreement between them and Mrs. Stees, the mother of the bankrupt, that the proceeds of the property at 3203 Montgomery avenue, which has been purchased with the money of the mother, should be used to pur-chase the property No. 4625 North Broad street for Stees and his wife, the testimony of the mother is, to the contrary, that there was no such agreement. Even if there were such an agreement, it would be void under the statute of frauds (Act Pa. March 21, 1772; 1 Sm. L. 389, § 1 [Pa. St. 1920, § 20192]), and would also be void under the Act of April 22, 1856 (P. L. 533, § 4 [Pa. St. 1920, § 20193]), if it is contended that by such agreement a trust was created.

[3] The conveyance, therefore, being in fraud of creditors, is void as to them under Statute 13 Elizabeth, c. 5, § 2, and the title for the purpose of enabling creditors to enforce their debt remains in the grantor just as if the conveyance had not been made. American Trust Co. v. Kaufman, 276 Pa. 35, 119 Atl. 749, citing Thomson v. Dougherty, 12 Serg. & R. (Pa.) 448; Garrison v. Monaghan, 33 Pa. 232; Heath v. Page, 63 Pa. 108, 3 Am. Rep. 533. The title of the bankrupt was therefore vested by operation of law in the trustee as of the date he was adjudged a bankrupt. Bankruptcy Act, § 70 (Comp. St. § 9654).

Counsel may prepare and present a decree in accordance with this opinion, with an order upon the defendants to convey the premises in question to the plaintiff as trustee in bankruptcy.