# Ketner *v.* Donten.

*Deed—Fraudulent conveyance—Debtor and creditor—Declarations.*

A conveyance of land by a father to his children cannot be sustained where it appears that the land was worth $300, and that the consideration for the deed was $35.00, that the father was insolvent at the time, and declared his intention to give the property to his children in order to prevent his creditors from collecting their claims.

A conveyance of property by a debtor fraudulent as to one creditor, is fraudulent as to all creditors in existence at the time of the conveyance.

Argued Oct. 26, 1900. Appeal, No. 162, Oct. T., 1900, by defendants, from judgment of C. P. Lebanon Co., March T., 1898, No. 87, on verdict for plaintiff, in case of Morris P. Ketner v. Charles Donten, Robert Donten and Charlotte Donten, by their guardian ad litem, Levi W. Donten. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for land in Bethel township. Before EHRGOOD, P. J.

At the trial it appeared that the plaintiff claimed as a sheriff's vendee, at a sale where the property was sold as the property of Levi W. Donten. The defendants claimed title under a deed from Levi W. Donten to themselves. The evidence tended to show that at the time Donten made the deed to defendants, who were his children, he was largely in debt, that the consideration for the deed, $35.00, alleged to have been paid by the defendant's grandmother, was grossly inadequate as the property was worth $300, and that Donten had declared at the time he made the deed and before, that his purpose was to give the property to his children so that the creditors could not collect their claims.

The court refused binding instructions for defendants, and submitted the case to the jury.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*B. Morris Strauss,* with him *A. Frank Seltzer,* for appellant.— Inadequacy of price is not fraud: Judge v. Wilkins, 19 Alabama; Steele v. Worhington, 2 Ohio, 182; Parker v. Conner, 93 N. Y. 118.

The grantor in a deed cannot make declarations invalidating the title of his grantee: Baldwin v. Stier, 191 Pa. 432; Souder v. Schechterly, 91 Pa. 83.

The defendants asked for binding instructions in their favor. The court refused. We seriously and earnestly contend it should have been unqualifiedly affirmed: Sartwell v. Wilcox, 20 Pa. 117; Wilson v. Howser, 12 Pa. 109; Posten v. Posten, 4 Wharton, 27; Littlefield's App., 4 Pennypacker, 372; Conley v. Bently, 87 Pa. 40; Thompson v. Thompson, 82 Pa. 378.

*Thomas H. Capp*, with him *George B. Schock*, for appellee.— A man in debt cannot convey all his property which is capable of being reached by his creditors to his wife or children by way of settlement and without an adequate consideration: Hennon v. McClane, 88 Pa. 219; Hamet v. Dundass, 4 Pa. 181; Davidson v. Little, 22 Pa. 245; Rhoodes v. Blatt, 84 Pa. 31; Sanders v. Wagonseller, 19 Pa. 248; Chambers v. Spencer, 5 Watts, 404; Miller v. Pearce, 6 W. & S. 97; Thompson v. Dougherty, 12 S. & R. 448; Harlan v. McLaughlin, 90 Pa. 293; Coates v. Gerlach, 44 Pa. 43.

OPINION BY BEAVER, J., January 22, 1901:

The statute of 13 Elizabeth, chapter 5, against fraudulent deeds, alienations, etc., Roberts's Digest, 295, has been so often and exhaustively discussed from the earliest decisions of our appellate courts till the present time, that no new questions are likely to arise under it, and little remains to be said in regard to the kind of conveyances forbidden thereby. The present case involves no new principles, and none which have not been fully passed upon by our own appellate courts. The question of actual, intentional fraud on the part of the grantor in the deed under which the defendants claim was fairly left to the jury. The court below specially cautioned the jury that "if you come to the conclusion that this was a bona fide, honest transaction, without any intention to cheat or defraud or hinder or cheat any of the creditors of Levi Dunton, this conveyance to children of this property for $35.00—for a grossly inadequate price—must not sway you. Then we say that they are entitled to your verdict. Also, if you come to the conclusion that this was a bona fide transaction—an honest transaction— because Mr. Ketner, the plaintiff, will lose $300 by the above conveyance—that is what he paid at sheriff's sale for this property—that must not sway you in rendering your verdict."

The charge was in no sense one-sided and was not inadequate. The general charge covers all the questions really involved in the case, and the numerous points for charge submitted by both plaintiff and defendant brought out everything which might have been left unsaid concerning the law governing the case.

As to the question of intent of the grantees in the deed from

Dunton to his children, upon which the appellant dwells at considerable length—quoting numerous authorities, particularly from other states—Mr. Chief Justice BLACK, in Davidson v. Little, 22 Pa. 245, says : " The sale of lands or goods by an indebted person for less than their value is ipso facto a fraud in both vendor and vendee." As to the question of intent on the part of the grantor, as was said in Hennon v. McClane, 88 Pa. 219, " It is well settled that one in debt cannot convey away all his property to his wife or children by way of settlement merely and without an adequate consideration. Nor can he convey his property in consideration of a support for himself or those dependent upon him, where the effect is to deprive his creditors of the means of payment of their debts. Indeed the decisions do not stop here, for the statute of 13 Elizabeth, being directed against conveyances that hinder and delay creditors, as well as those made with a covinous intent, bargains which are not ordinary sales to pay debts, but which are unusual and tie up property out of the reach of creditors; preventing the collection of their debts in the ordinary course of law, are held to be against the statute, and, therefore, fraudulent in law." Both grantors and grantees in such a conveyance are presumed to intend the legitimate and inevitable effect of their acts, and this effect is what is aimed at in the statute.

The jury evidently found that the conveyance of Dunton to his children, notwithstanding the payment of $35.00 by their grandmother, was made with intent to hinder and delay, if not to defraud, his creditors. Indeed, it would be difficult to reach any other conclusion, if the testimony as to his declarations at the time was to be believed. Whether the conveyance was made to defraud a particular creditor named, or his creditors in general, makes but little difference, for " a conveyance of property by a debtor fraudulent as to one creditor is fraudulent as to all creditors in existence at the time of the conveyance : " 8 P. & L. Dig. of Dec. 12631.

Although the case is presented to us under twenty-four distinct specifications of error, including every paragraph of the judge's charge, except what is directly in favor of the defendants, what has been said covers the main points involved in the appellant's argument. The well considered interpretations of the statute referred to in regard to fraudulent conveyances

were fairly applied by the court below in the submission of the case to the jury, and none of them, so far as we can discover, were in any sense modified or transgressed.  The verdict was in harmony with the facts and the law, as laid down by the court.  We can see no reason for disturbing it.

Judgment affirmed.