# Chisolm *v.* Moore, Appellant.

*Deeds—Consideration—Fraudulent conveyances—Rights of creditor—Deed from parent to child—Evidence—Burden of proof.*

1. A person in debt cannot convey to his child or children all of his property without an adequate consideration, nor so dispose of it as to hinder and delay creditors, inasmuch as the statute of 13 Eliz. is aimed not only at conveyances made with an actual intention to

cheat, but against such as hinder and delay creditors in the collection of their debts.

2. If a conveyance is made without any consideration, the transaction is fraudulent on its face, and no evidence is necessary to show a fraudulent intent, or to avoid the deed as to existing creditors. Where a valuable consideration exists not expressed in the conveyance the burden is on the grantee to show that it is of such character as to save the transaction from the prohibition of the statute.

3. Where a mother makes a deed of all her real estate and gives all her personal property to her two sons shortly before her death, such deed will be set aside, at the instance of a creditor of the mother, where there is no evidence of a consideration passing from the sons to the mother, and a claim that they had agreed to pay their mother's debts is not supported by any testimony. A finding of fact that there had been such an agreement, filed two months after the final decree in the equity suit setting aside the decree, is too late. Even if there had been such an agreement to pay debts it would have been immaterial, inasmuch as the conveyance hindered and delayed the creditor in the collection of his claim.

Argued Oct. 26, 1911. Appeal, No. 57, Oct. T., 1911, by defendant, from decree of C. P. Huntingdon Co., Feb. T., 1909, No. 154, on bill in equity in case of H. C. Chisolm v. W. A. Moore. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity to set aside a deed. Before WOODS, P. J. The facts are stated in the opinion of the Superior Court. The court entered the following decree:

And now November 10, 1910, this cause came on to be heard at the regular argument court and was argued by counsel. Whereupon it is considered, adjudged and decreed that the deed from Mary Jane Moore to W. S. Moore, dated May 10, 1908, recorded in Huntingdon county, Pennsylvania, December 14, 1908, in Deed Book "K" No. 271, conveying all that certain messuage piece, or parcel of ground situate in West township, said county, being two lots of ground with a two-story brick house thereon in the village of Mooresville, more particularly described and referred to in the bill, be and the same is hereby declared null and void as against the complain-

ant, Dr. H. C. Chisolm; that the said piece or parcel of land in said described deed be and the same is hereby made subject to the payment of said claim to the amount of $201.75 with interest from July 3, 1908; that the injunction heretofore issued be made perpetual, unless the defendant, W. S. Moore, within sixty days from filing of this decree shall pay said claim with interest as aforesaid; together with the costs of these proceedings; and in case payment shall not be made within sixty days, that the said house and lot or lots of ground be sold by W. S. Moore, administrator, for that purpose; the proceeds to be applied first, to the payment of the said claim with interest, and then to the costs of this proceeding, and the defendant, W. S. Moore, is further directed to pay the costs of this proceeding, unless same be paid from the said sale.

*Error assigned* was the decree of the court.

*Thos. F. Bailey,* for appellant—That a transaction of this sort is not a fraudulent one under the statute of 13 Elizabeth, has been held in a long line of cases in Pennsylvania: Pattison v. Stewart, 6 W. & S. 72; Shontz v. Brown, 27 Pa. 123; Stafford v. Stafford, 27 Pa. 144.

*Wm. Wallace Chisolm,* for appellee.—If the consideration mentioned in the deed was not paid at the time the deed was delivered, it became the duty of the defendant to show that it was paid afterwards; that it was a full price, and that it was agreed upon with no intent either to hinder, delay or defraud creditors: Kaine v. Weigley, 22 Pa. 179; Livermore v. McNair, 34 N. J. Eq. 478; Grieb v. Caraker, 69 Ill. App. 236; Buell v. Rope, 6 N. Y. App. Div. 113 (39 N. Y. Supp. 475); Clark v. Depew, 25 Pa. 509; Thompson v. Crane, 73 Fed. Repr. 327.

If the conveyance made by Mrs. Moore to her son is valid then the property is placed absolutely beyond reach of her creditor, and his statutory lien upon the real estate destroyed: Hennon v. McClane, 88 Pa. 219; Houseman v.

Grossman, 177 Pa. 453; Shakely v. Guthrie, 2 Pa. Superior Ct. 414.

OPINION BY HENDERSON, J., March 1, 1912:

The deed from Mary Jane Moore to the defendant, her son, appears on its face to have been a voluntary conveyance and the plaintiff was a creditor of the grantor at the time of the conveyance. The land described in the deed was all the real estate owned by the grantor and all of her personal property was given to her two sons at about the same time. It is a well-established principle that a person in debt cannot convey to his child or children all of his property without an adequate consideration nor so dispose of it as to hinder and delay creditors, for the statute of 13 Eliz. is aimed not only at conveyances made with an actual intention to cheat but against such as hinder and delay creditors in the collection of their debts. If a conveyance is made without any consideration the transaction is fraudulent on its face and no evidence is necessary to show a fraudulent intent or to avoid the deed as to existing creditors. Where a valuable consideration exists not expressed in the conveyance the burden is on the grantee to show that it is of such character as to save the transaction from the prohibition of the statute. As the defendant's title was a voluntary conveyance the burden was cast on him to show that he paid an adequate price and that the transaction was without intent to hinder, delay or defraud creditors. This he failed to do. He called no witness to show that a valuable consideration was paid for the property. If any evidence was presented in the case which was competent to establish the character of the transfer it showed that Mrs. Moore gave all of her property to her two sons a short time before she died as a settlement of her estate. This under all the authorities would leave the real estate subject to the payment of the claim of any creditor to whom Mrs. Moore was indebted. The learned trial judge found as a fact that the deed was without consideration as affecting the plaintiff and that the execution

of the deed hindered and delayed the plaintiff in the collection of the sum justly due him. These findings are in harmony with the presumptions of law on the facts and are the only consistent findings from the evidence in the case. It is said, however, by the appellant that the testimony of the plaintiff disclosed the fact that a valuable consideration for the grant was a verbal agreement of the defendant and his brother, R. B. Moore, that they would pay the debts of their mother and the finding of fact by the trial judge that the sons assumed the payment of the plaintiff's bill at the time the deed was given by Mrs. Moore is relied on to support his position. This finding of fact was not made, however, during the trial of the case but more than two months after the decree was entered. Whether the counsel for the plaintiff had notice that it was filed does not appear, but as the record is presented the request for the finding and the answer thereto came too late. Moreover, the answer is inconsistent with the answers to the ninth, tenth and sixteenth requests for findings of fact made by the plaintiff and is unsupported by competent evidence. The sixteenth request for finding of fact by the plaintiff was that there is no evidence that W. S. Moore or R. B. Moore agreed or bound themselves to pay the bill due the plaintiff or any part thereof and the court so found. This was in strict accord with the testimony in the case. The only evidence on the subject was that of Emma D. Myton and Mrs. George W. Myton who were witnesses called by the plaintiff. The first named stated that she was not present when the deed was signed; that she did not see the transfer of the property—the deed. This question was asked her on cross-examination:

"Q. What was your aunt's understanding and direction as to the payment of any debts that might be due by her or her estate after her death? A. W. S. Moore was to pay her funeral expenses and place a marker on her grave, and they were to divide the doctor's bill between them. Q. W. S. Moore and R. B. Moore? A. They were each to pay. Q. That was part of the consideration for the

exchange for this transfer of this property? A. I think so, yes."

As there was no suggestion in this testimony that either of the sons named ever promised to pay plaintiff's debt or any other debt in the presence of the witness and particularly no promise to the mother at the time the deed was delivered to that effect it cannot be seriously contended that any consideration in the form of a promise to pay debts appears in this testimony. The testimony of the second witness is of less consequence. This witness was not present at the time the deed was delivered and of course did not know what took place at that time. She says she knows there was an understanding that the two sons were to pay the doctor's bill but when or how made or what the inducement was for such an understanding she does not state. She does not say that the defendant or R. B. Moore or any other person ever told her that the sons would pay "a proper and reasonable doctor bill." The witness doubtless heard some conversation in the family about the settlement of the estate of her sister, whose death was imminent, but she does not testify to anything which was competent evidence to charge either of the sons with liability for their mother's debts. The following question and answer throw light on the extent of the knowledge of the witness: "Q. State whether she instructed that her just debts be paid. A. I suppose she did. That would be very natural." But even if there had been this verbal agreement to pay debts the court was justified in finding that the conveyance hindered and delayed the creditor in the collection of his claim. Instead of a resort to the property of the debtor through his lien in the orphans' court he was remitted to an action at law against the sons of the decedent and to proof not only of the existence of his claim but of the contract of the sons to pay their mother's debts of which contract no evidence has thus far been shown to exist. This is a method of hindering and delaying considered in Drum v. Painter, 27 Pa. 148.

This bill was evidently drawn with Fowler's Appeal, 87 Pa. 449, and Houseman v. Grossman et al., 177 Pa. 453, in view and is supported by these cases. The decree entered is in consonance with all of the competent evidence and the legal principles announced in the cases referred to.

The assignments of error are overruled and the decree is affirmed.