Queen-Favorite B. & L. Assn. *v.* Burstein et al.,
Appellants.

Argued December 8, 1932.   Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*Abraham Wernick,* of *Evans & Wernick,* for appellants.—Under section 7 of the Act of May 21, 1921, plaintiff must offer affirmative evidence of insolvency and actual fraud when he avers insolvency and actual fraud in his bill in conveyances of real estate made to wife and son: Kaemmerling's App., 282 Pa. 78; People's Savings Bank v. Scott, 303 Pa. 294; Smith v. Keener, 270 Pa. 578; Colman's Est., 193 Pa. 605; Schline v. Kine, 301 Pa. 586.

*J. Russell Breitinger,* for appellee.—A conveyance of real estate by one contingently liable is fraudulent when made to his wife or son for a nominal consideration and for the purpose of hindering and delaying his creditors: Peoples Savings Bank v. Scott, 303 Pa. 294; American Trust Co. v. Kaufman, 276 Pa. 35; Hennon v. McClane, 88 Pa. 219.

Where a transfer is prima facie fraudulent as to creditors, the burden is on defendant to prove consideration: Bastian v. Dougherty, 3 Phila. 30; Woolston's Est., 51 Pa. 452; Com. Title Ins. Co. v. Brown, 36 W. N. C. 190; Chisholm v. Moore, 49 Pa. Superior Ct. 132; American Trust Co. v. Kaufman, 276 Pa. 35.

OPINION BY MR. JUSTICE KEPHART, January 3, 1933:

Appellant conveyed, for a nominal consideration, several pieces of real estate to his wife and son, and, through his mother-in-law, to his wife and himself as tenants by entirety. He was contingently liable on a bond to appellee in the amount of $30,000. Proceedings were instituted by appellee to have the conveyances set aside because they were made for the purpose of hindering, de-

laying and defrauding creditors, among whom was appellee. A decree pro confesso was opened and the case heard on bill and answer, appellee offering only such parts of his bill as made out a case. Appellant offered no part of his answer or oral testimony to rebut the implications of the averments in the bill offered in evidence. A decree of reconveyance having been entered, this appeal followed.

Section 7 of the Act of May 21, 1921, P. L. 1045, provides "Every conveyance made......with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." The act defines "creditor" entitled to the benefit of the act as a "person having any claim......absolute, fixed, or contingent" and "debt" as any "legal liability...... liquidated or unliquidated, absolute, fixed, or contingent."

We might dismiss appellant's objection to the offers of the bill by complainant to sustain his claim without further discussion, as defendant offered nothing to controvert appellee's case, then being heard. Assuming the answer might be considered as proof, appellant's case is not aided. The supplemental answers to the bill were vague, uncertain, and contained no substance to prevent the entry of a decree. For illustration, the 16th paragraph avers the deeds were without fair consideration. The answer says there was a fair consideration as the wife had invested money in the property and paid the carrying charges: when, how, or in what sum is not stated. Similarly defective is the statement that personal services were rendered. The character of such services is not stated nor their time, place, or value. The further claim that the consideration arose through a desire to adjust or prevent a threatened breach in family relations has no weight in considering the relations between debtor and creditors, when the conveyances of the former's lands were for a nominal consideration. When

a case is heard on bill and answer every relevant aver-
ment of the answer which is well pleaded must be ac-
cepted as true: Stone v. New Schiller B. & L. Assn., 293
Pa. 161. But an answer to be effective must, as an affi-
davit of defense, set forth with sufficient certainty facts
that will defeat plaintiff's right to relief. Vague, uncer-
tain, evasive and unsubstantiated statements will not
prevent a decree supporting the relief prayed for.

Appellants contend that under the Act of 1921 the
creditor must show affirmatively actual fraud and in-
solvency, especially when it is averred in the bill for can-
cellation. The Fraudulent Conveyance Act makes no
mention of solvency. It states that conveyances made
with actual intent to hinder, delay or defraud creditors
are fraudulent as to present and future creditors. The
intent to hinder, delay or defraud must be actual as dis-
tinguished from presumptive. In Schline v. Kine, 301
Pa. 586, 591, A was liable to B under an agreement. A,
to defeat B's claim, collusively mortgaged his property
to C. In an action by B against C, under the Act of
1921, we held that the act contemplated a showing of
"actual fraudulent intent." Under the statute of 13
Eliz. it has been stated that as between husband and wife
fraud is presumptively present when the conveyance is
for a nominal consideration and is challenged by cred-
itors (American Trust Co. v. Kaufman, 276 Pa. 35; But-
terworth v. Wells, 303 Pa. 302; American Trust Co. v.
Kaufman, 287 Pa. 461), and this principle has been re-
lied on as supporting cases under the Fraudulent Con-
veyance Act, though section 7 requires actual intent.
The statement of the effect of such transfers which ap-
pears in Chisholm v. Moore, 49 Pa. Superior Ct. 132, 135,
cited in the foregoing cases, would apply to the act under
consideration. There a deed from mother to son for
nominal consideration was under discussion. The court
stated: "It is a well-established principle that a person
in debt cannot convey to his child or children all of his
property without an adequate consideration nor so dis-

pose of it as to hinder and delay creditors...... If a conveyance is made without any consideration the transaction is fraudulent on its face and no [other] evidence is necessary to show a fraudulent intent or to avoid the deed as to existing creditors." Viewing this case from that standpoint, actual intent appears as to one creditor when the deed is from husband to wife or parent to child for a nominal consideration. The burden is then cast on the wife or son to show by clear and satisfactory proof that the conveyance was fair and that the husband's or father's liabilities were not out of proportion to his then remaining assets: Peoples Saving & Dime Bank & Trust Co. v. Scott, 303 Pa. 294, 297; Shaver v. Mowry, 262 Pa. 381; Bankard v. Shaw, 199 Pa. 623. Where an adequate consideration has been paid the conveyance cannot be set aside in the absence of proof of a fraudulent intent, to which the grantee was a party, to hinder, delay or defraud creditors: Reehling v. Byers, 94 Pa. 316; Jarvis v. Bell, 296 Pa. 568, 577; Kichline v. Lobach, 125 Pa. 295, 301. But where there was no consideration, or that paid was grossly inadequate, a grantee cannot hold the land so acquired: Chisholm v. Moore, supra; American Trust Co. v. Kaufman, 276 Pa. 35. To permit him to hold such land makes him a party to the fraudulent intention of the grantor, though he did not know of the fraud at the time of the conveyance to him. To hold that he could retain such land would give to fraud an easy entrance into a realm where justice itself could not be obtained: American Trust Co. v. Kaufman, 287 Pa. 461, 467. Ordinary business relations between persons other than husband and wife are not considered fraudulent, and those who assert that they are fraudulent must show it by clear proof: Compton v. Hoffman, 265 Pa. 257; Stalwart B. & L. Assn. v. Monahan, 104 Pa. Superior Ct. 498. Also, if a husband is solvent when he makes the transfer to his wife, aside from the property transferred, it is valid regardless of consideration: Peoples Saving & Dime Bank & Trust Co. v. Scott, supra.

The court below, however, found that the conveyances were made without full and fair consideration, and with intent upon the part of the grantors to hinder and delay creditors of the defendant, Harry Burstein, among them the plaintiff, and all except two were made to Burstein and wife by entireties, effectually removing the properties from the reach of creditors of the title holders. We have then a finding of fraud supported by evidence (the pleading) without countervailing proof. Appellant argues that paragraphs 16, 17 and 18 show assets of the debtor sufficient to liquidate plaintiff's claim. No averment is made that appellee is the only creditor or that there are no others and there is no proof in the record that such assets exist. It was incumbent on appellants to show the transactions were fair to the creditors, considering the then existing estate.

The bond was given in 1926, but judgment not entered until 1930. The conveyances were all after the date of the bond. As the allegations of the bill relate to the bond on which appellant was contingently liable, if the conveyances were intended to hinder, delay and defraud this creditor it is immaterial when the judgment was actually recovered or the claim actually matured. The statute covers present contingent claims, and this claim was real and in existence when the conveyances were made. Under the general law and the Fraudulent Conveyance Act the contingent liability of a husband for debts has the same status as one that is fixed: Peoples Saving & Dime Bank & Trust Co. v. Scott, supra. When a conveyance is made with intent to hinder, delay, and defraud a named creditor it is not necessary to show there are other creditors. A conveyance of property fraudulent as to one creditor is fraudulent as to creditors generally: Peoples Saving & Dime Bank & Trust Co. v. Scott, supra; Ketner v. Donten, 15 Pa. Superior Ct. 604.

Appellants ask that the case be sent back so that they may present oral evidence. Appellants' witnesses were

in court and it was their duty to submit testimony at that time, but they evidently preferred to chance having the case tried on bill and answer alone. Appellee stated he was trying the case on bill and answer and, if any confusion resulted therefrom, it was on the part of appellants alone.

Complaint is made of the decree ordering a reconveyance to the judgment debtor instead of one protecting the creditor through the lien of judgment on the specific lands. No exception raises the question of the form of the decree. What was excepted to was ordering a reconveyance. The reconveyance works for the benefit of all creditors.

Decree affirmed at appellants' cost.