## Wood, Appellant, *v.* Collingdale Borough.

Argued January 3, 1951. Before DREW, C. J., STEARNE, BELL, LADNER and CHIDSEY, JJ.

*Guy G. deFuria,* with him *Ralph B. D'Iorio,* for appellant.

*John V. Diggins,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 19, 1951:

Plaintiff, a former building inspector of the Borough of Collingdale, instituted this action in assumpsit against the Borough to recover fees alleged to be due him for services rendered as building inspector. Defendant filed an answer disputing certain facts alleged by plaintiff and denying plaintiff's right of recovery. *Plaintiff* filed a motion for judgment on the pleadings. The court below entered judgment on the pleadings for *defendant.* Plaintiff appealed.

In 1944 the defendant Borough employed plaintiff as a building inspector. Under the Borough ordinance a building inspector was to receive as compensation 50% of building permit fees. There was nothing in the ordinance which provided *when* the compensation was to be paid. Plaintiff averred payment had always been made, since his employment, upon approval by him of applications, plans and specifications and issuance of the permits. Defendant denies this averment in its answer. The present dispute arose in November 1949 when the number and extent of building operations in the Borough greatly increased. A large building operation was commenced, the permit fee for which amounted to $4917.50; there were two other permits issued with fees amounting to $256.00 and $502.50, a total of $5676.00. The Borough officials regarded the amount of plaintiff's fees as excessive. There is a dispute as to whether or not plaintiff had agreed to accept $1000 in settlement; also when such sum should be paid and what services were to be rendered therefor. Plaintiff was discharged on December 5, 1949. While plaintiff avers that he was to receive his share of the fees when a permit was issued, it is not clear from the pleading

precisely the nature and extent of the service which he was to render in order to entitle him to his fees. While plaintiff avers that he was to be compensated for the "preparation and issuance of building permits", he also averred that his discharge prevented him from "completing his duties as Building Inspector." From the foregoing averment, it would appear that beyond approving plans and specifications and issuing permits, plaintiff as a building inspector would probably be required to inspect and approve the building construction on the ground as it was being erected. Cf. Act 1927, May 4, P. L. 519, art. XII sec. 1202 cl. XXI, as amended, 53 PS 13,333.

Plaintiff was discharged on the date of the issuance of two of the permits. It is not averred when the applications for each of the three permits were made and what services, if any, plaintiff rendered in connection with the approval of the plans and specifications and the issuance of the permits. Plaintiff does not aver that he was a public official entitled to tenure of office. At the argument his counsel conceded that he could be removed without cause at any time. The suit is upon a contract for payment of fees. It may become a mixed question of law and fact whether, on breach of the contract, plaintiff is entitled to one half portion of the entire fees, or only compensation for partial performance or damages for breach of contract. Furthermore, there is also presented a question of fact whether or not plaintiff agreed to accept $1000 in settlement and, if so, for what service and when said sum was to be paid.

It is obvious that under the pleading this case should go to trial because of the issues of fact raised. Judgment on pleadings should only be entered in clear cases and where there are no facts in dispute: *Kittaning Coal Company v. Moore et al.,* 362 Pa. 128, 66 A.

2d 273; *Gallagher v. Merry*, 366 Pa. 258, 77 A. 2d 379; Goodrich-Amram Civil Practice sec. 1034 (b) 1, p. 174.

Judgment reversed, with a *procedendo*.