## Smith *v.* Arrell, Appellant.

Argued January 14, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Lloyd B. White, Jr.,* for appellant.

*Jack Brian,* with him *Howard Richard,* and *Berman & Richard,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 18, 1957:

This is a contest between a wife and a creditor of her husband. The Court of Common Pleas of Delaware County applied section 7 of the Uniform Fraudulent Conveyance Act and held a judgment confessed by the husband in favor of the wife fraudulent and void as to the creditor.

Section 7 provides as follows: "Every . . . obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Act of May 21, 1921, P. L. 1045, §7; 39 P.S. §357.

When a husband incurs an obligation to his wife for nominal consideration, the transaction is presumed fraudulent on its face as to creditors of the husband, and no further evidence is required to establish actual fraudulent intent. *Iscovitz v. Filderman,* 334 Pa. 585, 589, 6 A. 2d 270 (1939); *Queen-Favorite B. & L. Assn. v. Burstein,* 310 Pa. 219, 223, 165 A. 13 (1933). The wife then has the burden by clear and satisfactory evi-

dence to disprove the execution of the note during marriage or to prove the fairness of consideration therefor—or further, to prove that the husband's liabilities did not exceed his then remaining assets. *Iscovitz v. Filderman*, supra; *Queen-Favorite B. & L. Assn. v. Burstein*, supra; *Peoples Savings & Dime Bank & Trust Co. v. Scott*, 303 Pa. 294, 297, 154 A. 489 (1931).

This appellant seeks to discharge that burden by novel testimony. She maintains that this is not a transaction between husband and wife. The note dated November 17, 1947, some 18 months before her marriage, she contends was in fact executed on that date. Therefore, no actual intent to defraud is proven from a mere showing that the consideration was not fair.

To establish her position she attempted to prove the following sequence of events:

In 1947, being but 18 years of age and still in high school, appellant, then Miss Gill, was courted by Paul Arrell. During that year, Arrell, a bus driver whose weekly salary averaged between $60 and $70 a week, borrowed a total of $10,500 from her. Miss Gill asserted that she obtained the money from a grandmother who had put away a large sum in a safe deposit box of a local bank. In November she and Paul Arrell went to a real estate broker and Arrell executed a judgment note to her in the amount of $25,000—payable 25 years from date. If these representations of Miss Gill had been believed by the Chancellor and had been found as facts, they would have constituted a legal defense to this action.

However, Miss Gill on the alleged date of execution was only 18 years of age. Although her grandmother had died, representatives of the relevant local banking institutions stated that no safe deposit box was ever rented to the grandmother. While the real estate broker, when called as a witness corroborated appellant's

contentions as to the date of execution, his pre-trial depositions were produced to impeach his trial testimony. Finally, a handwriting expert testified that the note was actually executed after 1950 and subsequent to her marriage to Paul Arrell in 1949.

From all the evidence the court concluded that the note was executed during coverture, and was given without consideration; hence the requisite intent to hinder, defraud and delay the plaintiff was made out.

The determination by the Chancellor that the note was executed during marriage is questioned by the appellant. Nothing in appellant's brief or oral argument impels us to alter the findings of the Chancellor who saw, heard, observed and evaluated the demeanor and behavior of the witnesses, and determined their veracity. The court was justified in rejecting the unconvincing and impeached testimony of the defendant, and in relying on the affirmative opinion testimony of the handwriting expert and other corroborative evidence to establish the finding that the note was executed during marriage. *Young Estate,* 347 Pa. 457, 32 A. 2d 901 (1943).

The decree fashioned by the Chancellor is, however, too broad. The court below declared the note to be void and of no effect, and ordered it stricken from the record. While the judgment is void as against creditors, yet its validity as an obligation between the parties has not been questioned in these proceedings. For this reason it is to remain of record. *Eaves v. Snyder,* 368 Pa. 459, 463, 84 A. 2d 195 (1951).

The decree of the court below as modified is affirmed at appellant's cost.