Miami National Bank, Appellant, *v.* Willens.

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused May 3, 1963.

*Maurice Freedman,* with him *Robert H. Arronson,* and *Herbert H. Hadra,* for appellant.

*Joseph Skale,* for appellees.

506

OPINION BY MR. JUSTICE COHEN, January 8, 1963:

Defendant-appellees, Paul M. Willens and Arthur F. Willens, both residents of Florida, were president and secretary respectively of Peninsular Fiber Glass Products, Inc. On or before August 21, 1959, appellees acting both in their capacity as officers of the corporation and as individuals, made and delivered a $7,000 note to the plaintiff-appellant, Miami National Bank. At the time of this transaction each appellee owned a one-quarter fee simple interest in a property located in Philadelphia. On December 17, 1959, appellees transferred without consideration their respective interests in the property to themselves and their wives as tenants by the entireties. After four monthly payments, the last one being on December 18, 1959, they defaulted on the note. Thereafter, appellant obtained a Florida judgment[1] against appellees and subsequently instituted a complaint in assumpsit with foreign attachment of the Philadelphia property.

In its complaint appellant avers that appellees conveyed the Philadelphia property with the intent to hinder, delay, and defraud creditors, that this transfer is a fraudulent conveyance under the Uniform Fraudulent Conveyance Act, and that the property is therefore still subject to attachment. The answer filed by appellees specifically denies these allegations. Appellant's motion for judgment on the pleadings was denied by the court below and an appeal was taken to this Court.

In order for a judgment on the pleadings to be granted, all relevant and material averments of fact made by the opposing party must be taken as true. *London v. Kingsley*, 368 Pa. 109, 81 A. 2d 870 (1951). In the instant case, appellees' denial of any intent to

---

[1] The court below held that the foreign judgment was entitled to full faith and credit and this ruling has not been challenged before our Court.

hinder, delay, or defraud creditors squarely raises an issue for trial in the absence of any conclusive presumption to the contrary.

Under section 7 of the Uniform Fraudulent Conveyance Act, a conveyance is fraudulent regardless of insolvency when it is made "with actual intent . . . to hinder, delay, or defraud either present or future creditors." Act of May 21, 1921, P. L. 1045, No. 379, §7, 39 P.S. §357. Our cases have established the principle "that as between husband and wife fraud is presumptively present when the conveyance is for a nominal consideration and is challenged by creditors", and this rule of law has been held to apply to conveyances covered by section 7 of the foregoing Act. *Queen-Favorite B. & L. Assn. v. Burstein,* 310 Pa. 219, 222, 165 Atl. 13, 15 (1933).

In support of its motion for judgment on the pleadings, appellant cites a long string of cases for the proposition "that a conveyance to a wife without consideration is *actual fraud* as a matter of law." Thus, it is appellant's position that the transaction in question must be *conclusively presumed* fraudulent. The cases cited by appellant do not stand for this proposition. Instead, they hold that such conveyances are only prima facie fraudulent and that such presumption is rebuttable by clear and satisfactory evidence showing that the transaction was made in good faith. E.g., *Queen-Favorite B. & L. Assn. v. Burstein,* supra, 310 Pa. 219, 223, 165 Atl. 13, 15 (1933); *American Trust Co. v. Kaufman,* 287 Pa. 461, 469, 135 Atl. 210, 213 (1926).[2]

Since there is a question of fact in dispute, i.e., whether the appellees intended to hinder, delay, or de-

---

[2] See also, *Smith v. Arrell,* 388 Pa. 117, 119, 130 A. 2d 167, 168 (1957); *Iscovitz v. Filderman,* 334 Pa. 585, 589, 6 A. 2d 270, 272 (1939); *American Trust Co. v. Kaufman,* 276 Pa. 35, 39, 119 Atl. 749, 751 (1923).

fraud creditors when they conveyed their interest in the Philadelphia property, we conclude that appellant's motion for judgment on the pleadings on this ground was properly denied.

In its motion for judgment on the pleadings, appellant also claimed that the husband's survivorship interest in the property held by the entireties is the type of property interest which will support an action in foreign attachment. We conclude that the husband's survivorship interest in the entireties property is not subject to "execution" and hence will not support an action of foreign attachment under Pa. R. C. P. 1252. A husband's survivorship interest is so slender that it may be extinguished by death or conveyance to third persons, leaving a dry judgment upon which no levy can be made. This interest, therefore, is too tenuous a basis to invoke the foreign attachment jurisdiction of our courts.

Order affirmed.