## E. A. Strout Realty Agency, Inc.
## v. Brown

*H. Thomas Pyle,* for plaintiff.

*Oscar F. Spicer,* for defendants.

MACPHAIL, P. J., August 11, 1970.—In this case plaintiff is seeking to recover broker's commissions pursuant to a "listing agreement" executed by defendants on December 23, 1967. The complaint alleges that the listing agreement, a copy of which is annexed to the complaint, was subsequently orally amended to provide that the list price of $52,500 be changed to $55,000. On June 28, 1969, plaintiff sold the real estate mentioned in the listing agreement for $55,000. One of defendants (the wife) signed the agreement but the other defendant (the husband) refused to sign. Since the subject real estate was owned by defendants as husband and wife, the sale could not be consummated. Plaintiff claims the commissions due it

under the listing agreement because they had procured a buyer ready, willing and able to perform according to an agreement of sale, also annexed to the complaint.

Defendant-husband in his answer admits all of the above facts, but avers under new matter that he had agreed to sell part of the subject real estate to a third party and had given oral notice of this fact to plaintiff on or about January 1, 1969. He further avers that he had given written notice of termination of the agreement to plaintiff on or about July 24, 1969. Defendant-wife filed a "general plea" which we hold to be no answer at all.

Plaintiff filed preliminary objections to the answer which were subsequently withdrawn by a stipulation of counsel which provides, in part, that the averments in the answer "shall be deemed to be denied by the plaintiff." Plaintiff then filed a motion for judgment on the pleadings and it is that motion which is now before us for disposition.

Motions for judgment on the pleadings will be granted only in cases which are clear and free from doubt, where there is no ambiguity, and where there is no issue of fact: Rhodes v. Terheyden, 272 Pa. 397 (1922); Lehrfeld v. Ayres, 5 Chester 1 (1951); and Wood v. Collingdale Borough, 366 Pa. 624 (1951). The moving party's right to prevail must be so clear that a trial would be a fruitless exercise: Goldman v. McShain, 432 Pa. 61 (1968). Plaintiff's motion here must be denied because it does not meet those tests.

In the listing agreement attached to the complaint, the following language appears:

"I reserve the right to sell the property to a buyer procured by myself or through another agent and in such case no commission or other charge shall

be due you, provided such sale or transfer is not made directly to or through your prospect.

"This agreement is irrevocable but shall terminate with the sale of the property or by my giving you a withdrawal notice in writing which shall become effective thirty days from the date you receive it . . ."

It is defendant-husband's contention that he effectively terminated the agency agreement when he notified plaintiff that he had agreed to sell part of the subject real estate to a third party. Plaintiff contends that since defendant-husband could not sell without his wife's joinder, the notification, which plaintiff denies receiving, was a nullity.

Before we could grant the motion before us, it must affirmatively appear from the pleadings, including the averments in defendant's new matter, that on June 28, 1969, the agency agreement attached to the complaint was in full force and effect, i.e., that it had not been effectively terminated prior thereto.

Where real estate is held by tenants by the entirety, neither spouse, acting individually, may create or terminate any legal interest in that real estate to the *prejudice* of the other spouse. However, there is a presumption that during the term of marriage either spouse has the power to act for both without specific authorization so long as the *benefits* of such action inure to both. That presumption may be rejected by evidence that the acting spouse was not, in fact, authorized by the other spouse: J. R. Christ Construction Co., Inc. v. Olevsky, 426 Pa. 343 (1967). Applying those frequently misunderstood principles of law to the case now at hand, we are unable to say whether defendant-wife agreed to the sale to the third party. While it is true that defendant could not *convey* real estate held as tenants by the entireties without his wife's joinder, he could

agree to convey unless his action would be prejudicial to his wife or she comes forward to say that her husband had no authority to enter into such an agreement with respect to her interest.

Looking again at the language of the contract which we have quoted above, it seems clear that the agency agreement could be terminated only (1) if the real estate was sold (by plaintiff, by defendants or by another broker employed by defendants) or (2) if 30 days written notice of termination was given by defendants to plaintiff. Even if defendants, or either of them, notified plaintiff that the real estate was sold, unless it was sold *in fact*, the listing agreement would not be terminated by such notice. On the other hand, if the real estate was sold *in fact* the agency agreement would be thereby terminated whether or not any notice of sale was given to or received by plaintiff. In a nonexclusive broker's contract, such as we have here, the sale of the property by the principal, without notice to the broker, may constitute an effective revocation, since the broker assumes the risk of knowing that the principal may revoke the agency by a sale: 12 Am. Jur. 2d 817; Restatement 2d, Agency, §106, comment c.

In the present case, if the real estate was sold in fact, plaintiff would not be entitled to the commissions it claims. By the same token, if the real estate was not sold in fact, then plaintiff could recover because the 30-day written notice of termination given by defendant was effective *after* the buyers were procured by plaintiff. The point is that it is not the notice of sale but the fact of sale that will determine whether or not the agency agreement has been terminated.

It is true that defendant-husband pleads only that he "agreed" to sell, but if there was a binding and enforceable agreement to sell to a third party, this

would be a "sale" within the meaning of this contract. It is also true that defendant pleads that "he" agreed to sell, but we cannot disregard the presumption that he was acting on behalf of his wife. Finally, it is true that defendant-husband pleads that he agreed to sell only a part of the subject real estate, but we cannot say at this point that the sale of less than all of the real estate would not effectively terminate the contract.

In short, we cannot find from the pleadings that the agency contract upon which plaintiff has brought its suit was in full force and effect on June 28, 1969, because we cannot say that the agreement was not effectively terminated by defendant's agreement to sell a part of the subject real estate.

## ORDER

And now, August 11, 1970, the motion for judgment on the pleadings is denied.