## Frishberg v. Rosen

*Morton Krase,* for plaintiffs.
*Steinberg & Girsh,* for defendants.

EISEMAN, J., May 14, 1974.—Petitioner herein, Anna Rosen, is defendant in a trespass action initiated by respondents herein, plaintiffs Jerry Frishberg, Cynthia Frishberg, his wife, and their child, Bradford Frishberg, a minor. Petitioner seeks a judgment on the pleadings with respect to the minor's cause of action as well as the father's derivative action based upon the contention that the minor is barred from maintaining the action by the applicable statute of limitations.

It is fundamental under our law that a motion for judgment on the pleadings will be granted only in situations in which there are no facts in dispute: Wood v. Collingdale Borough, 366 Pa. 624, 79 A. 2d 228 (1951); Miami National Bank v. Willens, 410 Pa. 505, 190 A. 2d 438 (1963). It is also basic law that if a plaintiff fails to reply to a defendant's new matter, the facts alleged therein will be taken as admitted.

In the instant case, defendant-petitioner's allega-

tions that the statute of limitations bars the minor from initiating a trespass action are raised in new matter. Since plaintiff-respondent never replied, these allegations must be taken as admitted. Therefore, no factual dispute exists on this subject and it is proper for this court to dispose of this matter on the pleadings alone.

Where on the pleadings it is apparent that part of plaintiff's claim is barred by the statute of limitations and defendant has raised that defense in new matter, and plaintiff fails to reply, the court on motion for judgment on the pleadings may enter judgment in favor of defendant for that part of plaintiff's claim which is barred by the statute of limitations: Bonfitto v. Bonfitto, 10 D. & C. 2d, 598 (1956), affirmed 391 Pa. 187, 137 A. 2d 277 (1958); Phillips v. Fricchione, 72 D. & C. 428 (1950).

In the instant case, the incident which gave rise to this cause of action took place on May 4, 1970. In view of the fact that the action is one for personal injuries, the applicable statute of limitations would be the one providing that the suit must be brought within two years: Act of June 24, 1895, P. L. 236, 12 PS §34.

Since plaintiffs, Jerry and Cynthia Frishberg, started their suits by summons dated April 19, 1972, they are within the two-year time period set by the statute and they may maintain the action. But since plaintiff Bradford Frishberg's name is on the complaint only and does not appear on the summons, he did not start his suit until the date the complaint was filed, if at all. Since this date is established as September 14, 1972, it is clearly beyond the two-year limitation set by the statute. Therefore, plaintiff, Bradford Frishberg, is precluded from maintaining his trespass action.

Nothing in this opinion is intended to preclude the

derivative rights of plaintiff, Jerry Frishberg, in his individual capacity.

## ORDER

And now, May 14, 1974, it is hereby ordered that defendant's motion for judgment on the pleadings be and is hereby granted in part, and judgment is entered for defendant, Anna Rosen, against Bradford Frishberg, a minor, by his parent and natural guardian, Jerry Frishberg, and denied in part, reserving unto plaintiff, Jerry Frishberg, derivative rights alleged in his individual capacity.