397 A.2d 1

**Hortense DAVIS**

v.

**Edward & Regina LAURENZI, Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Dec. 14, 1978.

Reargument Denied Feb. 14, 1979.

Julius E. Fioravanti, Philadelphia, for appellants.

Paul S. Herzberg, Philadelphia, for appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in granting appellee judgment on the pleadings for specific performance of an agreement of sale of real estate because the pleadings raised a disputed issue of material fact. We agree and therefore reverse and remand the case for a trial of these issues.

The complaint and accompanying documentation of the appellee-buyer, Hortense Davis, alleged the following facts. Appellants-sellers, Edward and Regina Laurenzi, husband and wife, signed an agreement of sale with appellee on February 28, 1977 for certain real estate situated at 2939 North 22nd Street in Philadelphia. The agreement provided for a purchase price of $9500, including a $100 down payment to be paid at the signing of the agreement. Part of the purchase price was to be financed by a first-party purchase-money mortgage loan given by the appellants. At settlement on April 28, 1977, appellant Edward Laurenzi attended the closing and signed the deed of conveyance to appellee but stated that Mrs. Laurenzi did not want to close because she objected to taking a first-party mortgage.

In their answer, the appellants did not controvert these facts but alleged that appellee has not paid the $100 down payment specified in the agreement of sale. In her reply, appellee admitted that she had not paid the deposit but alleged that appellants had waived same by telling her at execution that, because the amount was so small, she should just bring it to closing. Appellee further alleged that while appellants never demanded the down payment prior to the

scheduled closing, she was ready and willing to tender the entire purchase price.

Judgment on the pleadings should be entered only in clear cases where there are no material facts in dispute. *Wood v. Collingdale Borough,* 366 Pa. 624, 79 A.2d 228 (1951). While a purchase of real estate must pay the purchase price according to the terms of the agreement of sale, on default the agreement is not automatically voided; the vendor may elect either to rescind or enforce the contract. *Sanders v. Brock,* 230 Pa. 609, 79 A. 772 (1911). However, the mere failure to pay money on a designated date is not grounds for the seller to rescind, unless under the circumstances the delay causes the seller an injury which cannot be compensated by the allowance of interest to him. *DiPompeo v. Preston,* 385 Pa. 512, 123 A.2d 671 (1956) (down payment five days late after execution). Even if recission is justified by the failure of timely payment, the purchaser's default may be waived either by express agreement or by the words or conduct of the seller. *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 221 A.2d 123 (1966). If the seller waives the purchaser's default, he may not subsequently take advantage of this default as a ground for recission. *Cohn v. Weiss,* 356 Pa. 78, 51 A.2d 740 (1947).

Here, the allegations in the pleadings reveal a dispute of a material fact, namely, whether the appellants waived the failure of timely payment of the $100 down payment by appellee. Accordingly, we hold that the lower court erred in granting appellee a judgment on the pleadings. On remand the court below must determine (1) whether under the circumstances the appellants are entitled to rescind the agreement of sale because the $100 was not paid at execution, and (2) if so, whether the appellants waived their right to treat this default as a ground for recission.

The order of the lower court is reversed and the case is remanded for proceedings not inconsistent with this opinion.