549 A.2d 151

**Fern J. LEOPOLD, Appellant,**

**v.**

**Donald H. TUTTLE, Appellee.**

Superior Court of Pennsylvania.

Submitted June 15, 1988.

Filed Sept. 19, 1988.

Reargument Denied Nov. 16, 1988.

Wieslaw T. Niemoczynski, Stroudsburg, for appellant.

Franklin R. Innes, Townada, for appellee.

Before CIRILLO, President Judge, and WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order denying the Appellant's request that a deed creating a tenancy by the entireties in the Appellee and his wife be set aside as fraudulent and the real estate be declared subject to execution by the Appellant judgment creditor. We affirm.

The relevant facts are as follows: The Appellant, an assignee of the original creditor, obtained three judgments against the Appellee in the State of New York. These judgments were filed in Bradford County. Appellant attempted to satisfy the judgments by executing against real property owned by the Appellee and his wife as tenants by the entireties. The Appellee opposed this execution through a sheriff's interpleader, arguing that property owned as a tenancy by the entireties was not subject to execution by a creditor of only one spouse. The Sheriff petitioned the trial court for a judicial determination of the interpleader.

In her objection to the third party claim and her answer to the petition, the Appellant averred that the Appellee conveyed the real estate in question with the intent to hinder, delay, and defraud creditors, that the conveyance was fraudulent under the Uniform Fraudulent Conveyance Act, and that the real estate is still subject to execution. The petition for a stay of execution filed by the Appellee did not address these allegations, but merely stated that the title of the real estate was held by him and his wife as tenants by the entireties. The Appellee did not offer proof that the conveyance was not fraudulent, but his petition

included the 1980 deed for the conveyance in question. The trial court conducted a hearing. Neither party produced any evidence. Therefore, the trial court's decision was based on the pleadings. The court determined that the real estate in question was unavailable to satisfy the Appellee's individual debts. Thereafter, the Appellant filed this timely appeal.

The Appellant sets forth two issues on appeal:

(1) Where uncontroverted pleaded facts show a conveyance of real estate between husband and wife for nominal consideration, does a rebuttable presumption of fraudulent conveyance arise upon challenge of the conveyance by creditors?

(2) Where judgment debtor and his wife fail to meet or rebut the presumption of fraud or otherwise respond to it in their own pleadings, was the judgment creditor entitled to a judgment (based) on the (written) pleadings?

Upon a careful study of the record, we find that the Appellant's objection to the claim and answer to the petition failed to state a claim of fraudulent conveyance under the applicable sections of the Uniform Fraudulent Conveyance Act (39 P.S. § 351 et seq.). Because no claim was stated, the burden of proof did not shift to the Appellee and his wife.

Converting property into an estate by the entireties for nominal consideration is perfectly legal and legitimate reasons exist for this type of conveyance. As 39 P.S. § 359(3) states:

Knowledge that a conveyance has been made as a gift or for nominal consideration shall not by itself be deemed to be knowledge that the conveyance was a fraud on any creditor of the grantor, or impose any duty on the person purchasing the property from the grantee to make inquiry as to whether such conveyance was or was not fraud on such creditor.

Thus, the averment of a nominal consideration alone is not enough to state a cause of action. Our court has held that under the Uniform Fraudulent Conveyance Act, a creditor

must establish that the grantor was in debt at the time of his conveyance for the burden of proof to shift to the grantee(s). Once the burden shifts to the grantees, only then must they establish that the grantor received fair consideration for the conveyance. *Stinner v. Stinner*, 300 Pa.Super. 351, 446 A.2d 651 (1982). In short, the creditor must specifically allege the indebtedness of the debtor at the time of the conveyance to create a presumption under the Uniform Fraudulent Conveyance Act. The creditor cannot offer vague conclusions of fact or unjustified inferences of the grantor's indebtedness, as the trial court will not accept such averments as true in a motion for a judgment on the pleadings. *Jones v. Travelers Ins. Co.*, 356 Pa.Super. 213, 514 A.2d 576 (1986); *West Penn Administration, Inc. v. Pittsburgh National Bank*, 289 Pa.Super. 460, 433 A.2d 896 (1981).

As the trial court correctly noted, the Appellant did not allege in any pleading that the Appellee was or became insolvent at the time of the 1980 deed creating the estate by the entireties. The Appellant merely alleged that the Appellee was indebted to herself and others. Thus, the applicable section of the Uniform Fraudulent Conveyance Act is 39 P.S. § 357 which states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

In order to create a presumption and shift the burden of proof under this section, a party must adequately establish the fraudulent intent of the conveying debtor as well as the existence of a present or future creditor at the time of the conveyance.

While the definition of a "present creditor" is self-explanatory, the definition of a "future creditor" is much more ambiguous. In *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976), the Pennsylvania Supreme Court defined a "future creditor" as:

one with a legal claim against a person at the time that person makes a conveyance, even one that has not yet been reduced to judgment or even filed, is a future creditor who is entitled to set aside the conveyance if he can show it was made with actual intent to hinder, delay, or defraud present or future creditors. 465 Pa. at 576, 351 A.2d at 245.

Other Pennsylvania courts have construed the term "future creditor" to mean not only a creditor whose claim has not matured but a creditor whose claim is reasonably foreseen as arising in the immediate future. *County of Butler v. Brocker*, 455 Pa. 343, 314 A.2d 265 (1974); *Iscovitz v. Filderman*, 334 Pa. 585, 6 A.2d 270 (1939). In short, a "future creditor" does not exist unless a conveying party can reasonably foresee incurring the costs of a claim or judgment at the time of the conveyance.

In the instant case, the Appellant made no definite allegation in either pleading that the Appellee was indebted to any present or future creditor at the time of the conveyance. She did not claim that any of her assigned judgments were valid against the Appellee at or near the time he conveyed the real estate in question. She failed to specifically allege the existence or the foreseeability of these judgments on October 2, 1980. Furthermore, the Appellant did not allege that the Appellee was indebted to any other party at the time of the conveyance. In her answer to the petition, the Appellant stated that:

> Your deponents are unable to make a more detailed or concrete factual showing (of the Appellee's financial condition) at the present time inasmuch as they are not privy to the pertinent facts, have no idea as to what, if anything, the (Appellee) and his wife will allege in their Answer to the Petition, and have had no chance to inform themselves with regard to the pertinent facts by way of discovery. (Appellant's answer, p. 4)

The Appellant's pleadings reveal her uncertainty as to the Appellee's financial status, and they lack sufficient factual claims indicating the Appellee's indebtedness or knowledge of future indebtedness at the time of conveyance. Thus, no

presumption of a fraudulent conveyance was created under 39 P.S. § 357 as her pleadings failed to aver this important statutory requirement.

In her brief, the Appellant relies on the case *County of Butler v. Brocker,* supra, in which the Pennsylvania Supreme Court stated:

> ... that as between husband and wife fraud is presumptively present when the conveyance is for a nominal consideration and is challenged by creditors' and this rule of law has been held to apply to conveyances covered by [39 P.S.] Section 357. (citations omitted). 455 Pa. at 347, 314 A.2d at 268.

In *Brocker,* the court engaged in a lengthy discussion concerning the presence of a future creditor at the time of the conveyance in question. The *Brocker* court looked to the particular facts of the case and noted that the conveying party was aware of the possibility of fines being imposed on him. Also, the conveying party made the actual conveyance four days before committing the fine-inducing action. The *Brocker* court determined that nominal consideration is one of the many factors to consider in determining a fraudulent conveyance and focused on the presence of a future creditor at the time of the conveyance.

The Appellant also cites the case of *Miami National Bank v. Willens,* 410 Pa. 505, 190 A.2d 438 (1963), in which the court stated the general case law principle that "as between husband and wife fraud is presumptively present when the conveyance is for a nominal consideration and is challenged by creditors ..." 410 Pa. at 507, 190 A.2d at 439. The *Miami Nat. Bank* court noted that the bank was a present creditor at the time of the conveyance in question. This court ultimately held that because a question of fact existed as to whether the appellees intended to hinder, delay, or defraud creditors when they conveyed their interest in the property, the appellant's motion for a judgment on the pleadings should be denied.

As to the second issue on appeal, the Appellant alleges that the Appellee and his wife erred by not responding to the averments in her pleadings. We hold that the

Appellee and his wife were under no obligation to respond, nor could their admittance of these averments be implied by their failure to respond. Pa.R.C.P. 3206(b) and 3207(b) specifically deal with a sheriff's interpleader when the sheriff determines for or against the claimant to real estate. The last two sentences of both rules state:

> Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be deemed to be denied.

Thus, the Appellee's failure to respond does not entitle the Appellant to a judgment based on the written pleadings as material issues of fact cannot be deemed admitted due to the above rule.

With the above analysis in mind, we find that the Appellant failed to create a rebuttable presumption by not adequately establishing the Appellee's indebtedness at the time he made the conveyance in question. As the alleged presumption was never created, the burden of proof did not shift to the Appellee and his wife. Therefore, the trial court was warranted in issuing its order based on the written pleadings.

ORDER AFFIRMED.