## Reliance Insurance Co. v. Schoolfield Construction Co.

*W. Mark Mullineaux,* for plaintiff.
*George B. Randolph,* for defendant Frank Messick.
*Frederick P. Kramer II,* for defendant Lynn Messick.

OTT, *J.,* May 5, 1992—The matter before the court is a procedural quagmire initiated by the filing of a third-party property claim by Frank Messick in the form of a sheriff's interpleader under Pa.R.C.P. 3201-3216. (These rules govern the procedure in sheriff's interpleader under the Act of June 11, 1931, P.L. 883.) The sheriff of Chester County sought the determination of this court as to whether real estate, specifically the marital residence, owned by Frank and Lynn Messick as tenants by the entireties, is subject to sale pursuant to an execution of judgment by a judgment-creditor of Lynn Messick,[*] Reliance Insurance Co. Inc.

---

[*] Reliance alleges that Lynn Messick was an indemnitor in dealings with her former husband's construction company, Schoolfield Con-

A hearing was set and Reliance filed objections to the third-party property claim. These objections contained new matter in the form of invoking the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, adopted by Pennsylvania and codified at 39 P.S. §§351-363. Frank Messick and Lynn Messick filed preliminary objections to Reliance's objection and new matter, and argument was heard on April 10, 1992, with subsequent letter briefs following. In addition, on April 15, 1992, Reliance filed a motion to strike the third-party property claim.

First, it is important to note that the parties here proceeded in the procedural posture of a sheriff's interpleader because they relied on a case initiated in Bradford County which was appealed to the Superior Court. *Leopold v. Tuttle,* 378 Pa. Super. 466, 549 A.2d 151 (1988). We have found no other case law prior to or after *Leopold* which allowed a *real estate* property claim to be litigated in the posture of a sheriff's interpleader and we refrain from doing so now; to do so would be to contradict the scope set forth in the Rules of Civil Procedure on interpleader.

Pa.R.C.P. 3201 states:

struction Co. Inc., that Reliance had executed bonds for surety for Schoolfield Construction Co. Inc., and that eventually various persons had come forward and filed bond claims. Reliance obtained a judgment against Lynn Messick, her former husband (James Schoolfield), and Schoolfield Construction Co. Inc., for $451,874.50, which included costs and interest. The judgment was transferred to Chester County and resulted in Reliance's attempt to execute at sheriff's sale upon the marital residence of Lynn and Frank Messick. We refrain from further addressing the facts alleged regarding fraudulent conveyance as they are not pertinent to our determination of the matter before us.

"Rule 3201. *Scope*—

"These rules govern the procedure in sheriff's interpleader under the Act of June 22, 1931, P.L. 883, 12 P.S. §3258 et seq., when *tangible personal property* levied upon pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution." (emphasis added)

Pa.R.C.P. 3202 goes on to say:

"Rule 3202. *Property Claim*—

"(a) A claim to *tangible personal property* levied upon pursuant to a writ of execution shall be in writing and substantially in the form provided by Rule 3258 and shall be filed with the sheriff prior to any execution sale of the property claimed." (emphasis added)

See also Philip W. Amram & Sidney Schulman, "Explanatory Comments to New Sheriff's Interpleader Rules," 154 Leg. Intelligencer 85, Jan 17, 1966, at 1.

The parties wrongly rely on *Leopold* to extend the scope of this rule to effect a determination of title to real estate. In order to avoid this problem in the future, and because we can see that *Leopold* caused the parties to think that they could use this procedure, we will point to the source of the misunderstanding. It is obvious to this court, after having read the Bradford County case, *Fern L. Leopold v. Donald H. Tuttle,* No. 87 JG 001408, 87 JG 001409, 86-562 and its ensuing opinion on appeal, that neither court meant to attempt to extend the Rules. The Court of Common Pleas in Bradford County addressed the law as to the ability of a judgment creditor to execute on property in Pennsylvania that is held by husband and wife as tenants by the entireties. It is noteworthy that in the Bradford County case, unlike the case before us, there was a transfer of title from

husband to husband and wife, and that a conveyance from one spouse to both as tenants by entireties may, as a matter of substantive law, be fraudulent within the meaning of the Uniform Fraudulent Conveyance Act. 39 P.S. §357. Property so conveyed may be subject to execution by a judgment creditor of the grantor spouse. *Miami National Bank v. Willens*, 410 Pa. 505, 190 A.2d 438 (1963).

It is true that the defendant-debtor in Bradford County filed a sheriff's interpleader for a determination of the right to proceed in execution upon real estate, and that the Court of Common Pleas allowed the plaintiff-creditor to proceed with a defense on appeal in *Leopold*. Perhaps the Superior Court would have addressed the issue before us now if the appropriateness of the procedure used in the lower court had been an issue on appeal, however, it is clear to us that it was not. The issues on appeal in *Leopold* were: (1) substantive issues involved in the Uniform Fraudulent Conveyance Act, and (2) the procedural issue of whether or not additional pleadings are allowed in a sheriff's interpleader action. What was not at issue, nor addressed sua sponte, on either level, was the issue of whether or not sheriff's interpleader is the correct vehicle for deciding the title to real estate which is about to be executed upon in a sheriff's sale. As we stated previously, we conclude that it is not.

In addition, the applicability of sheriff's interpleader was further obfuscated by a mistaken use of the term "real estate" in that case. *Leopold*, 378 Pa. Super. at 474, 549 A.2d at 155. The Rule clearly uses the word "property" throughout, and the word "property" in this Rule, as we have demonstrated, clearly refers to tangible personal property and not to real estate.

A party seeking a stay in order to litigate title to real estate should seek an injunction by filing a complaint in equity against the judgment creditor. (Pa.R.C.P. 3121(b)). However in the interest of judicial economy and in light of the mandate of Pa.R.C.P. 126 for just, speedy and inexpensive determination of legal actions we will proceed solely on the praecipe of the sheriff for determination of the substantive question of whether or not real estate in Pennsylvania, held by husband and wife as tenants by the entireties, may be executed upon by a judgment creditor of *one* of the spouses. The law in Pennsylvania repeatedly answers "no" to this question. In Pennsylvania, which follows an inchoate lien theory, a judgment creditor of one spouse is unable to collect his debt from real or personal property held by husband and wife as tenants by the entireties. *Blusiewicz v. Rosenfield,* 33 D.&C.2d 470 (1964); *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A.2d 901 (1959). There is no question in the case before us that the property, on the face of the deed, is held as tenants by the entireties. Therefore, on the authority of Pa.R.C.P. 3121 which permits the court to stay execution pending the disposition of a property claim, or any other legal or equitable ground, we stay the execution indefinitely until such time as the title is properly adjudicated.

For the above reasons, the following order is entered:

## ORDER

And now, May 5, 1992, the sheriff's sale of the property of Frank and Lynn Messick at 14 Downing Circle, Downingtown, Pennsylvania, is hereby stayed pending further action of the parties and without prejudice to either party to institute an appropriate action in which the rights of the parties may be fully determined.